B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Barzel Industries Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Attachment 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**20-4790836** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**320 Norwood Park South, 2nd Floor<br>Norwood, MA 02062**<br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Norfolk County, Massachusetts** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>☑ Chapter 11    Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>                Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.) | **Nature of Debts**<br>(Check one box.) |
| | ☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ☐ Debts are primarily consumer   ☑ Debts are primarily<br>debts, defined in 11 U.S.C.       business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR<br>COURT USE ONLY** |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Barzel Industries Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  See Attachment 2 | Case Number: | Date Filed: |
| District:  District of Delaware | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☑  Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Barzel Industries Inc. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X _____
Signature of Attorney for Debtor(s)
Norman L. Pernick (No. 2290)
Printed Name of Attorney for Debtor(s)
Cole, Schotz, Meisel, Forman & Leonard PA
Firm Name
500 Delaware Avenue, Suite 1410
Address Wilmington, DE 19801

_____
(302) 652-3131
Telephone Number
September 14, 2009
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
Karen G. Narwold
Printed Name of Authorized Individual
VP and Strategic Counsel of Barzel Industries Inc.
Title of Authorized Individual
September 14, 2009
Date

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re    Barzel Industries Inc. _____ ,     )    Case No.   09- _____

                 Debtor            )

                                      )

                                      )    Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   001-33342 _____ .

2. The following financial data is the latest available information and refers to the debtor's condition on September 9, 2009 _____ .

     a. Total assets                                   $    365,787,031.00

     b. Total debts (including debts listed in 2.c., below)      $    384,601,325.00

     c. Debt securities held by more than 500 holders:                    Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | None |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

     d. Number of shares of preferred stock               _____    None

     e. Number of shares common stock               _____    26,564,607

        Comments. if any:

3. Brief description of debtor's business:

Headquartered in Norwood, Massachusetts, Barzel operates an integrated system of fifteen strategically located metal processing, manufacturing and distribution facilities throughout the Northeastern, Mid-Atlantic and Mid-Western United States and the Canadian provinces of Ontario and Québec.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: _____

See List of Equity Security Holders of Barzel Industries Inc. attached to Petition.

## <u>ATTACHMENT 1 TO VOLUNTARY PETITION</u>

All other names used by the Debtor and its Debtor affiliates in the last 8 years:

| Debtors | Other Name(s) Used by the Debtor |
|---------|----------------------------------|
| Barzel Industries Inc. | Novamerican Steel Inc.<br>Symmetry Holdings Inc. |
| Barzel Holdings Inc. | Novamerican Steel Holdings Inc.<br>Lone Star Holdings I Inc. |
| Barzel Finco Inc. | Novamerican Steel Finco Inc.<br>Lone Star Finco Inc. |
| Barzel Industries U.S. Inc. | Novamerican Steel U.S. Inc.<br>Integrated Steel Industries, Inc. |
| American Steel and Aluminum Corporation | Steel Sales Realty Company<br>United Steel and Aluminum Corporation |
| Nova Tube and Steel, Inc. | Novatlantic Steel and Tube Corporation |
| Nova Tube Indiana, LLC | Bethnova Tube, LLC |
| Novamerican Tube Holdings, Inc. | Placements Novamerican Tube, Inc. |

# ATTACHMENT 2 TO VOLUNTARY PETITION

**Pending Bankruptcy Cases Filed by Affiliates of the Debtor:**

On September 14, 2009, each of the affiliated entities below, including the Debtor in this chapter 11 case (collectively, the "Debtors"), filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Barzel Industries Inc. is the direct or indirect parent corporation of each of the other Debtors. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

**The Debtors are the following entities:**

Barzel Industries Inc.
Barzel Holdings Inc.
Barzel Finco Inc.
Barzel Industries U.S. Inc.
American Steel and Aluminum Corporation
Nova Tube and Steel, Inc.
Novamerican Tube Holdings, Inc.
Nova Tube Indiana, LLC

# CERTIFICATE OF RESOLUTIONS OF THE BOARD OF DIRECTORS OF BARZEL INDUSTRIES INC., A DELAWARE CORPORATION, AUTHORIZING FILING OF A PETITION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

I, Karen G. Narwold, do hereby certify:

1.      That I am the duly authorized Vice President, Strategic Counsel and Secretary of Barzel Industries Inc., a Delaware corporation (the "**Company**"); and

2.      That, at a special meeting of the Board of Directors of the Company (the "**Board**") duly held on September 11 2009, the following resolutions were duly adopted in accordance with the requirements of the General Corporation Law of the State of Delaware and that the same remain in full force and effect, without modifications, as of the date hereof:

> WHEREAS, the Company is a holding company which is dependent on dividends and loans from its operating subsidiaries to enable it to meet its obligations and has guaranteed the Senior Notes (as defined below) and the Credit Facility (as defined below); and

> WHEREAS, the Company's finance subsidiary, Barzel Finco Inc., a Delaware corporation ("**Finco**"), has issued $315 million aggregate principal amount of 11.5% Senior Secured Notes due 2015 (the "**Senior Notes**") under an Indenture dated as of November 15, 2007 (as amended, the "**Indenture**"), all of which are outstanding; and

> WHEREAS, the Senior Notes are guaranteed by the Company's U.S. subsidiaries and secured by, among other things, a $125 million aggregate principal amount senior secured intercompany issued by Barzel Industries Canada, Inc., a Canadian corporation and the Company's principal Canadian subsidiary ("**Barzel Canada**"); and

> WHEREAS, the consolidated business of the Company is conducted in both the U.S. and Canada, with material operations in both countries; and

> WHEREAS, due to the deterioration in the financial performance and condition of the Company and its subsidiaries as a result of changes in global economic conditions, Finco was unable to make the interest payment on the Senior Notes that was due on May 15, 2009; and

> WHEREAS, Finco obtained the agreement of the holders of the Senior Notes to defer such interest payment pursuant to a Deferral Agreement dated May 14, 2009 (as amended, the "**Deferral Agreement**"); and

WHEREAS, under the Deferral Agreement, the Company agreed, among other things, to use its best efforts to consummate a major recapitalization, restructuring, refinancing or equity or asset sale (a "**Transaction**"); and

WHEREAS, Finco and Barzel Canada are borrowers under a senior secured revolving credit facility (the "**Credit Facility**") pursuant to a Credit Agreement dated as of November 15, 2007 (as amended, the "**Credit Agreement**"); and

WHEREAS, in early February 2009, Finco and Barzel Canada repaid all amounts then outstanding under the Credit Facility, other than approximately $883,000 outstanding for letters of credit; and

WHEREAS, in May 2009, due to the deterioration in the financial performance and condition of the Company and its subsidiaries as a result of changes in global economic conditions and the concurrent impact on the working capital of the Company, Finco and Barzel Canada could not borrow sufficient amounts under the Credit Agreement and there was a concern that, notwithstanding the deferral of such interest payment, neither the Company nor its subsidiaries had sufficient liquidity to continue extended operations unless additional borrowings were made available under the Credit Facility; and

WHEREAS, in June and July 2009, Finco and Barzel Canada obtained amendments to the Credit Agreement to permit additional borrowings to, among other things, allow the Company and its subsidiaries to undertake and complete a process leading to a Transaction as a going concern; and

WHEREAS, as a result of the circumstances described above as well as the deterioration in the consolidated revenue, financial performance and financial condition of the Company, the negative consolidated cash flow of the Company, the high level of consolidated indebtedness of the Company, the concern that the Company and its subsidiaries would not be able to generate sufficient cash flow to make the next interest payment on the Senior Notes and other factors, the Board directed management to undertake a process leading toward a Transaction and authorized the engagement of Houlihan Lokey Howard & Zukin Capital, Inc. ("**HL**"), as financial advisors, to assist in connection therewith; and

WHEREAS, in June 2009, pursuant to the amendments to the Credit Agreement, the Company retained the financial services firm of Day Seckler LLP ("**Day Seckler**") to provide financial services and management support; and

WHEREAS, management has devoted substantial effort to maintaining continued supply of critical inventories necessary to enable the Company's subsidiaries to continue operations and it has become increasingly difficult to secure such supplies on necessary or appropriate credit terms; and

WHEREAS, management and HL have conducted an extensive process reaching a wide number of both strategic and financial parties who might have an interest in effecting a Transaction and, as a result thereof, a significant number of offers have been received and reviewed; and

WHEREAS, the Board has considered a number of alternatives available to the Company, including such offers relating to a Transaction, a reorganization, sale or liquidation of the Company through a proceeding under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), and the continued operation of the Company and its subsidiaries under a modified business plan; and

WHEREAS, the Board has received presentations from and had extensive discussions with management, HL, Day Seckler and the Company's counsel as to various alternatives available to the Company; and

WHEREAS the Board has had extensive discussions with the Company's counsel as to its fiduciary duties and as to the purposes, nature and consequences of bankruptcy proceedings; and

WHEREAS, the Board has had extensive discussions with management, HL, Day Seckler and the Company's counsel as to the current position of the employees of and the customers, creditors and suppliers to the Company and its subsidiaries; and

WHEREAS, the Board has reviewed with management, HL, Day Seckler and the Company's counsel a number of offers for an acquisition of the Company, both in-court and out-of-court; and

WHEREAS, the Board has considered such other matters as the Board deemed necessary or appropriate to enable the Board to evaluate the alternatives available to the Company and to act on and adopt the resolutions set forth below; it is

**Professionals**

RESOLVED, that the Authorized Persons (as defined below) be, and each of them is, hereby authorized and directed, on behalf of and in the name of the Company and its subsidiaries, to employ and retain the law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("**Cole Schotz**"), 500 Delaware Avenue, Wilmington, Delaware, 19801, as primary bankruptcy counsel in connection with the Bankruptcy Proceedings (as defined below), the Sale Process (as defined below), the negotiation of any postpetition financing (including any Credit Documents (as defined below)) and all other appropriate matters; and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized and directed, on behalf of and in the name of the Company and its subsidiaries, to employ and retain the law firm of Kelley Drye & Warren LLP ("**Kelley Drye**"), 101 Park Avenue, New York, NY 10178, as special corporate counsel in connection with the Bankruptcy Proceedings, the Sale Process, the negotiation of any postpetition financing (including any Credit Documents) and all other appropriate matters; and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized and directed, on behalf of and in the name of the Company and its subsidiaries, through Barzel Canada, to employ and retain the law firm of Davies Ward

Phillips & Vineberg LLP ("**Davies Ward**"), 1 First Canadian Place, Suite 4400, Toronto, M5H 1B1 Canada, as attorneys for Barzel Canada in connection with the Bankruptcy Proceedings, the Sale Process, the negotiation of any postpetition financing, (including any Credit Documents) and all other appropriate matters; and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized and directed, on behalf of and in the name of the Company, to employ and retain the financial services firm of HL, as financial advisor for the Company in connection with the Bankruptcy Proceedings and the Sale Process and all other appropriate matters; and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them with full power to act without the others is, hereby authorized, on behalf of and in the name of the Company and its subsidiaries, to employ and retain such further legal, financial, accounting, auditing, claims agent, notice agent, bankruptcy monitor and other services firms (together with Cole Schotz, Kelley Drye, Davies Ward and HL, the "**Professionals**") in connection with the Bankruptcy Proceedings, the Sale Process, the negotiation of any postpetition financing (including any Credit Documents) and all other appropriate matters as the Authorized Persons, or any of them, may determine to be necessary, appropriate or expedient (such employment and retention to be conclusive evidence of such determination); and

## Management

FURTHER RESOLVED, that effective upon the commencement of the Bankruptcy Proceedings, Wayne Day be, and hereby is, appointed as Chief Restructuring Officer of the Company to serve in accordance with the Amended and Restated By-Laws of the Company until his successor shall be duly appointed and qualified or his earlier death, resignation or removal; and be it

FURTHER RESOLVED, that the Chief Restructuring Officer shall, among other things, (i) report and be responsible directly to the Board, (ii) have full authority (including signing authority) generally vested in a chief executive officer, (iii) be responsible for all aspects of the Bankruptcy Proceedings and the Sale Process, (iv) communicate with employees, customers and vendors as required during the pendency of the Bankruptcy Proceedings and the Sale Process, (v) assist in the preparation of financial reports required to be delivered under the DIP Agreement (as defined below), (vi) be subject to the authorization limitation previously established by the Board and the Company applicable to its chief executive officer and (vii) take such other actions as may be requested by the Board; and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized and directed, on behalf of and in the name of the Company and its subsidiaries, to employ and retain the financial services firm of Day Seckler LLP ("**Day Seckler**"), to provide financial services support for the Company and its subsidiaries during the pendency of the Bankruptcy Proceedings; and be it

FURTHER RESOLVED, that Wayne Day, the Chief Restructuring Officer, Karen G. Narwold, the Vice President, Strategic Counsel and Secretary, and such other officers, employees, counsel or agents of the Company and its subsidiaries as they, or any of them, may designate (collectively, the "**Authorized Persons**") be, and each of them is, hereby authorized to execute and deliver, in the name and on behalf of the Company, the DIP Agreement, the other Credit Documents (as defined below) and any and all amendments, supplements and waivers there to which they, or any of them acting individually, determine to be expedient, necessary or appropriate, such determination to be evidenced conclusively by the execution thereof); and be it

FURTHER RESOLVED, that, whenever an Authorized Person or Persons are hereby authorized or directed to act, such Authorized Person or Persons shall have full power to act without any other Authorized Person or Persons; and

## Incentive, Retention and Severance Plans

WHEREAS, the Board has received drafts of employee incentive, retention and severance plans (collectively, the "**Plans**") and management and the Company's counsel have reviewed with the Board the terms and conditions of, and the issues and needs related to, the Plans; it is

RESOLVED, that the Plans are necessary and appropriate to retain and incentivize employees to minimize the disruption to the business of the Company and its subsidiaries resulting from the Bankruptcy Proceedings and to achieve the maximum value reasonably obtainable in the Sale Process, are in the best interests of the Company and its creditors, stockholders and other interested parties and are approved; and be it

FURTHER RESOLVED, that the employee incentive, retention and severance plans in the form provided to the members of the Board (with such additions, deletions and changes therein (including changes in the allocation of the aggregate amount of funds covered by the Plans among the participants in the Plans) as may be determined to be expedient, necessary or appropriate by the Authorized Persons, or any of them, such determination to be evidenced conclusively by the execution thereof) be, and hereby are, approved; and

## Bankruptcy Proceedings

WHEREAS, the Board has determined that it is desirable and in the best interests of the Company, its subsidiaries and its and their creditors, stockholders and other interested parties for voluntary petitions be filed by the Company and its US subsidiaries to seek relief under the Bankruptcy Code and by its Canadian subsidiaries to seek relief under the Companies' Creditor Arrangement Act ("**CCAA**"); and

WHEREAS, in connection therewith, the Board has determined that it is desirable and in the best interests of the Company, its subsidiaries and its and their creditors, stockholders and other interested parties for the Company to commence a sale process pursuant to

Sections 363 and 365 of the Bankruptcy Code to sell all or substantially all of their assets (the "**Sale Process**"); it is

RESOLVED that, in the business judgment of the Board, after consultation with its professional advisors, it is desirable and in the best interests of the Company and each of its subsidiaries, and its and their respective creditors, stockholders, and other interested parties, for voluntary petitions to be filed by the Company and each of the US Subsidiaries under the Bankruptcy Code in the United States Bankruptcy Court for District of Delaware (the "**US Bankruptcy Court**") and for the Company and the US Subsidiaries to seek US Bankruptcy Court approval of the Sale Process (collectively, the "**US Bankruptcy Proceedings**"); and be it

FURTHER RESOLVED, that, in the business judgment of the Board, after consultation with its professional advisors, it is desirable and in the best interests of the Company and each of its subsidiaries, and its and their respective creditors, stockholders, and other interested parties, for voluntary applications to be filed by Barzel Canada and its subsidiaries under the CCCA in the Ontario Superior Court of Justice - Commercial List (the "**Canadian Bankruptcy Court**") and for Barzel Canada and its subsidiaries to seek Canadian Bankruptcy Court approval of the Sale Process (collectively, the "**Canadian Bankruptcy Proceedings**" and, together with the US Bankruptcy Proceedings, the "**Bankruptcy Proceedings**"); and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized, in the name of and on behalf of the Company and each of its subsidiaries, to execute and verify petitions and other documents under the Bankruptcy Code or the CCAA, as applicable, in connection with the commencement of the Bankruptcy Proceedings and to cause the same to be filed in the US Bankruptcy Court or the Canadian Bankruptcy Court, as applicable, in such form and at such time as the Authorized Persons, or any of them, determine to be expedient, necessary or appropriate, such determination to be evidenced conclusively by the execution thereof; and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized, in the name and on behalf of the Company and its subsidiaries, to execute, verify and file, or cause to be executed, verified and filed, all documents, including, without limitation, all affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take, or cause to be taken, all actions in connection with the Bankruptcy Proceedings and the Sale Process; and be it

FURTHER RESOLVED, that, in connection with the Bankruptcy Proceedings and the Sale Process, the Authorized Persons be, and each of them is, hereby authorized, in the name and on behalf of the Company and its subsidiaries, to execute all written consents of stockholders and directors for each of the Company's subsidiaries approving the agreements, documents and actions described in these resolutions to which such subsidiary is a party and the transactions contemplated thereby (and authorizing and directing each such subsidiary to take any and all actions necessary, expedient or appropriate to consummation such transactions) which the Authorized Persons, or any of

them, determine to be expedient, necessary or appropriate, such determination to be evidenced conclusively by the execution thereof; and be it

FURTHER RESOLVED, that that such papers shall be in such form and with such terms and conditions as may be determined to be expedient, necessary or appropriate by the Authorized Persons, or any of them, such determination to be evidenced conclusively by the execution thereof; and

## DIP Financing

WHEREAS, the Board has received a form of Senior Secured, Super-Priority Debtor-in-Possession Loan and Security Agreement (the "**DIP Agreement**") among the financial institutions named therein, as lenders (in such capacity, the "**Lenders**") and as agents (in such capacity, the "**Agents**"), Finco, as borrower (the "**Borrower**"), Barzel Canada as Canadian borrower (the "**Canadian Borrower**") and the Company and certain subsidiaries of the Company, as guarantors, which DIP Agreement provides the Company and its subsidiaries with postpetition financing of not less than $29 million during the pendency of the Bankruptcy Proceedings; and

WHEREAS, the Board has determined that it is in the best interests of the Company, its subsidiaries and its and their respective creditors, stockholders and other interested parties to enter into the DIP Agreement; it is

RESOLVED, that, in the business judgment of the Board, after consultation with its professional advisors, it is desirable and in the best interests of the Company and each of its subsidiaries, and its and their respective creditors, stockholders and other interested parties, to obtain the postpetition financing contemplated by the DIP Agreement; and be it

FURTHER RESOLVED, that the transactions contemplated by the DIP Agreement, including the incurrence and guarantee of indebtedness and other obligations and the grant of security interests, liens and pledges by the Company and its subsidiaries, be, and hereby are, approved; and be it

FURTHER RESOLVED, that the DIP Agreement, substantially in the form provided to the members of the Board (with such additions, deletions and changes therein as may be determined to be expedient, necessary or appropriate by the Authorized Persons, or any of them, such determination to be evidenced conclusively by the execution thereof) be, and hereby is, approved; and be it

FURTHER RESOLVED, that each of the exhibits to the DIP Agreement and each of the other documents required by or related to the DIP Agreement, including mortgage agreements, account control agreements, security agreements, pledge agreements, deeds of trust, financing statements, and other documents and instruments (collectively with the DIP Agreement, the "**Credit Documents**"), in such form and with such terms and conditions as may be determined to be expedient, necessary or appropriate by the Approved Persons, or any of them, such determination to be evidenced conclusively by the execution thereof, be, and hereby is, approved; and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized to execute and deliver, in the name and on behalf of the Company and its subsidiaries, the Credit Documents and any and all amendments, supplements and waivers thereto which they, or any of them acting individually, determine to be expedient, necessary or appropriate, such determination to be evidenced conclusively by the execution thereof); and be it

## Filings and Approvals

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized, in the name and on behalf of the Company and its subsidiaries, to execute, file and certify all documents and cause to be performed all actions as they, or any of them, deem necessary or appropriate in order to comply with applicable securities laws and regulations, including the preparation, execution and filing of Current Reports on Form 8-K and Quarterly Reports on Form 10-Q; and be it

FURTHER RESOLVED, that, in connection with the Sale Process, the Authorized Persons be, and each of them is, hereby authorized, in the name and on behalf of the Company and its subsidiaries, to execute, file and certify all documents and cause to be performed all actions as they, or any of them, deem necessary or appropriate in order to comply with applicable competition and investment laws, including the Hart-Scott-Rodino Antitrust Improvements Act of 1976, the Competition Act (Canada) and the Investment Act (Canada); and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized, in the name and on behalf of the Company and its subsidiaries, to execute, file and certify all documents and cause to be performed all actions as they, or any of them, deem necessary or appropriate in order to comply with all other applicable laws and regulations, including environmental laws; and be it

FURTHER RESOLVED, that such authority includes the authority, in the name and on behalf of the Company and its subsidiaries, to respond to all requests for additional information, to negotiate or to cause counsel to negotiate with governmental officials and to prepare or cause to be prepared, execute and file or cause to be filed all registrations, reports, statements, documents and information as they, or any of them, may deem necessary or appropriate; and be it

## Waivers

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, authorized to waive any or all of the conditions to closing set forth in the DIP Agreement as they, or any of them, may deem necessary or appropriate to give effect to and consummate the transactions contemplated hereby or to comply with applicable law; and be it

## Omnibus Resolutions

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized and empowered, with full power of delegation, to (i) prepare, execute, deliver,

verify, publish and file such agreements, amendments, applications, approvals, certificates, communications, consents, demands, directions, documents, further assurances, instruments, notices, orders, requests, resolutions, supplements or undertakings, filings, notifications and waivers, (ii) amend, supplement or otherwise modify the terms and conditions of any documents or agreements (including, without limitation, the Credit Documents) referred to in these resolutions, (iii) incur and pay such fees and expenses and (iv) take or cause to be taken such actions and such further actions and do or cause to be done such things as they, or any of them, in his or her discretion, shall deem necessary, appropriate or advisable from time to time to complete and effect the foregoing transactions or to carry out the intent and purposes of the foregoing resolutions, or otherwise, in each case in the name and on behalf of the Company or any of its subsidiaries; and be it

FURTHER RESOLVED, that all actions heretofore taken by any of the Authorized Persons, by any of the employees of the Company or its subsidiaries or by any of the Professionals with respect to the foregoing transactions and any of the matters contemplated by the foregoing resolutions be, and hereby are, adopted, ratified, confirmed and approved in all respects.

Karen G. Narwold,
Vice President, Strategic Counsel and Secretary

# CERTIFICATE OF RESOLUTIONS OF THE BOARD OF DIRECTORS OF BARZEL INDUSTRIES INC., A DELAWARE CORPORATION, AUTHORIZING AN ASSET PURCHASE AGREEMENT

I, Karen G. Narwold, do hereby certify:

1.     That I am the duly authorized Vice President, Strategic Counsel and Secretary of Barzel Industries Inc., a Delaware corporation (the "**Company**"); and

2.     That, at a special meeting of the Board of Directors of the Company (the "**Board**") duly held on September 13, 2009, the following resolutions were duly adopted in accordance with the requirements of the General Corporation Law of the State of Delaware and that the same remain in full force and effect, without modifications, as of the date hereof:

> WHEREAS, the Board has previously adopted resolutions (the "**Prior Resolutions**") approving a reorganization and sale of the Company and its subsidiaries through proceedings (the "**Bankruptcy Proceedings**") under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and the Canadian Companies' Creditor Arrangement Act ("**CCAA**"); and

> WHEREAS, the Board has reviewed a number of offers for an acquisition of the Company, both in-court and out-of-court; and

> WHEREAS, the Board has received a draft of an Asset Purchase Agreement (the "**Asset Purchase Agreement**") among the Company and certain of its subsidiaries (together with the Company, the "**Selling Entities**") and Chriscott USA Inc. and 4513614 Canada Inc. (collectively, the "**Buyer**"), pursuant to which, among other matters, the Buyer will purchase and the Selling Entities will sell substantially all of the assets of the Selling Entities and the Buyer will assume certain specified liabilities of the Selling Entities through the Bankruptcy Proceedings; and

> WHEREAS, management and the Company's counsel and financial advisor have reviewed with the Board the terms, issues and opportunities related to the Asset Purchase Agreement and the transactions contemplated thereby; and

> WHEREAS, the Board has considered such other matters as the Board deemed necessary or appropriate to enable the Board to evaluate the alternatives available to the Company and to act on and adopt the resolutions set forth below; it is

> RESOLVED, that the transactions contemplated by Asset Purchase Agreement represent the maximum value reasonably obtainable under the circumstances, are in the best interests of the Company and its creditors, stockholders and other interested parties and are approved; and be it

FURTHER RESOLVED, that the Asset Purchase Agreement, in the form provided to the members of the Board (with such additions, deletions and changes therein as may be determined to be expedient, necessary or appropriate by the Authorized Persons, or any of them, such determination to be evidenced conclusively by the execution thereof) be, and hereby is, approved; and be it

FURTHER RESOLVED, that each of the exhibits to the Asset Purchase Agreement and each of the other documents required by or related to the Asset Purchase Agreement (collectively, the "**Ancillary Agreements**"), in such form and with such terms and conditions as may be determined to be expedient, necessary or appropriate by the Approved Persons (as defined below), or any of them, such determination to be evidenced conclusively by the execution thereof, be, and hereby is, approved; and be it

FURTHER RESOLVED, that Wayne Day, the Chief Restructuring Officer, Karen G. Narwold, the Vice President, Strategic Counsel and Secretary, and such other officers, employees, counsel or agents of the Company and its subsidiaries as they, or any of them, may designate (collectively, the "**Authorized Persons**") be, and each of them is, hereby authorized to execute and deliver, in the name and on behalf of the Company, the Asset Purchase Agreement, each of the Ancillary Agreements and any and all amendments, supplements and waivers thereto which they, or any of them acting individually, determine to be expedient, necessary or appropriate, such determination to be evidenced conclusively by the execution thereof); and be it

FURTHER RESOLVED, that, whenever an Authorized Person or Persons are hereby authorized or directed to act, such Authorized Person or Persons shall have full power to act without any other Authorized Person or Persons; and

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized to waive any or all of the conditions to closing set forth in the Asset Purchase Agreement as they, or any of them, may deem necessary or appropriate to give effect to and consummate the transactions contemplated hereby or to comply with applicable law; and be it

FURTHER RESOLVED, that the approvals set forth in the preceding resolutions are subject to receipt of a signed Asset Purchase Agreement from the Buyer prior to the commencement of the Bankruptcy Proceedings; and be it

FURTHER RESOLVED, that Ms. Narwold be, and is, herby authorized to determine the time of commencement of the Bankruptcy Proceedings, with due regard to the best interests of the Company and the Company's secured creditors (but in any event before the end of the day on Monday, September 14, 2009), but subject to the authority of the Independent Committee set forth in the next resolution; and be it

FURTHER RESOLVED, that, if prior to the commencement of the Bankruptcy Proceedings, an offer to proceed with a Transaction (as defined in the Prior Resolutions) is received that, in the judgment of the one or more members of the Independent Committee, is superior to the Transaction contemplated by the Asset Purchase Agreement

(taking into account the net proceeds to the secured creditors, the certainty and timing of closing, and other material and relevant factors) and that has been accepted by the secured lenders (or which the secured lenders have indicated would be acceptable to them), then, without limiting any other authority available to the Board, the Board reserves the right to direct suspension or termination of the actions described in the preceding resolutions and the Prior Resolutions and undertaking of all actions necessary or appropriate to realize upon such superior offer (and authorizes such member of the Independent Committee to authorize such interim actions or suspension of actions as may be necessary to afford the Board the opportunity to exercise such right); and be it

FURTHER RESOLVED, that, if no such direction is given, it shall be conclusively presumed for all intents and purposes that no such offer was received; and be it

FURTHER RESOLVED, that the Authorized Persons be, and each of them is, hereby authorized and empowered, with full power of delegation, to (i) prepare, execute, deliver, verify, publish and file such agreements, amendments, applications, approvals, certificates, communications, consents, demands, directions, documents, further assurances, instruments, notices, orders, requests, resolutions, supplements or undertakings, filings, notifications and waivers, (ii) amend, supplement or otherwise modify the terms and conditions of any documents or agreements (including, without limitation, the Asset Purchase Agreement) referred to in these resolutions, (iii) incur and pay such fees and expenses and (iv) take or cause to be taken such actions and such further actions and do or cause to be done such things as they, or any of them, in his or her discretion, shall deem necessary, appropriate or advisable from time to time to complete and effect the foregoing transactions or to carry out the intent and purposes of the foregoing resolutions, or otherwise, in each case in the name and on behalf of the Company or any of its subsidiaries; and be it

FURTHER RESOLVED, that all actions heretofore taken by any of the Authorized Persons, by any of the employees of the Company or its subsidiaries or by any of the Professionals (as defined in prior resolutions of the Board) with respect to the foregoing transactions and any of the matters contemplated by the foregoing resolutions be, and hereby are, adopted, ratified, confirmed and approved in all respects.

Karen G. Narwold,
Vice President, Strategic Counsel and Secretary

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| Barzel Industries Inc., et al., | : Case No. __-_____ (__) |
|  | : |
| Debtors.[1] | : Joint Administration Requested |
|  | : |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE
## TWENTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

The following is a consolidated list of creditors holding the twenty (20) largest unsecured claims against the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") (the "List of Creditors"). The List of Creditors reflects the estimated amounts owed by the Debtors as of the Petition Date.

The List of Creditors has been prepared on a consolidated basis from the books and records of each of the Debtors as of September 11, 2009. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 40 largest unsecured claims.

No comprehensive legal and/or factual investigations, however, with regard to possible defenses to any claims set forth in the List of Creditors have been completed. Therefore, the List of Creditors does not and should not be deemed to constitute: (1) an waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Barzel Industries Inc. (0836), Barzel Holdings Inc. (1107), Barzel Finco Inc. (1010), Barzel Industries U.S. Inc. (6382), American Steel and Aluminum Corporation (2435), Nova Tube and Steel, Inc. (1790), Novamerican Tube Holdings, Inc. (3740) and Nova Tube Indiana, LLC (8275).

waiver of any other right of legal position of the Debtor. The Debtors expressly reserve the right to, in their sole discretion, challenge the validity, priority and/or amount of any obligation reflected herein.

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and fax number of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| J.P. MORGAN SECURITIES INC.<br><br><br><br><br><br><br>CIBC WORLD MARKETS INC. | Attn: Doug Jenks<br>Bank of New York Mellon<br>101 Barclay Street<br>Floor 8W<br>New York, NY 10286<br>Phone: 212-483-2323<br>Fax: 212-270-4557<br><br>Attn: E. Lindsay Gordon<br>425 Lexington Avenue<br>New York, NY 10017<br>Phone: 212-856-3500<br>Fax: 212-667-4444 | 11.5% senior secured notes | | $315,000,000<br><br>(allocated 2/3 JPM and 1/3 CIBC)<br><br>Value of claim exceeds value of collateral by an indeterminable amount |
| SEVERSTAL SPARROWS POINT LLC<br>1430 Sparrows Point Blvd<br>Sparrows Point, MD 21219 | Attn: Tom Ruffo<br>Phone: 410-388-3000<br>Fax: 410-388-5288 | Trade Debt | | $514,627.17 |
| CLAYTON H. LANDIS CO, INC.<br>476 Meetinghouse Road<br>Souderton, PA 18964 | Attn: Seth A. Landis<br>Phone: 215-723-7284<br>Fax: 267-497-0855 | Trade Debt | | $215,514.75 |
| ANSONIA COPPER & BRASS INC.<br>725 Bank Street<br>Waterbury, CT 06078 | Attn: Steven Turner<br>Phone: 800-243-3204<br>Fax: 203-756-1330 | Trade Debt | | $210,469.06 |
| FREIGHT BROKER INTERNATIONAL<br>111 Granton Drive Ste 412<br>Richmond Hill, ON L4B 1L5<br>Canada | Attn: John Elisio<br>Phone: 905-482-3860<br>Fax: 905-482-3855 | Trade Debt | | $196,553.50 |

| | | | |
|---|---|---|---|
| DEMPSEY PIPE & SUPPLY<br>80 Liberty Street<br>Bolivar, NY 14715 | Attn: Pete Dempsey<br>Phone: 585-928-1310<br>Fax: 585-928-1149 | Trade Debt | $194,387.50 |
| FALLS TOWNSHIP<br>TAX COLLECTOR<br>188 Lincoln Highway<br>Suite 108<br>Fairless Hills, PA 19030 | Attn: Kimberly Scarpiello<br>Phone: 215-949-9008<br>Fax: 215-949-9012 | Tax Claim | $122,713.87 |
| ANSAM METAL CORP.<br>1026 East Patapsco Avenue<br>P.O. Box 3408<br>Baltimore, MD 21225-0408 | Attn: Benjamin Zager<br>Phone: 410-355-8220<br>Fax: 410-355-0513 | Trade Debt | $114,477.14 |
| NORTHSTAR BLUESCOPE<br>STEEL<br>6767 County Rd 9<br>Delta, OH 43515-0128 | Attn: Joseph Budion<br>Phone: 419-822-2200<br>Fax: 419-822-2209 | Trade Debt | $108,054.68 |
| THERMATOOL CORP<br>31 Commerce Street<br>East Haven, CT 06512 | Attn: Mick Nallen<br>Phone: 203-468-4100<br>Fax: 203-468-4282 | Trade Debt | $102,533.00 |
| YARDE METAL, INC.<br>45 Newell Street<br>Southington, CT 06489 | Attn: Jack Nicklis<br>Phone: 860-406-6061<br>Fax: 860-628-6927 | Trade Debt | $99,901.66 |
| MID ATLANTIC CRANE<br>3312 Northside Drive<br>Raleigh, NC 27615 | Attn: Mitch Filip, President<br>Phone: 919-790-3535<br>Fax: 919-790-1737 | Trade Debt | $90,000.00 |

| | | | | |
|---|---|---|---|---|
| KPMG LLP<br>1601 Market Street<br>Philadelphia, PA 19103-2499 | Attn: Mike Harmison<br>Phone: 267-256-7000<br>Fax: 267-256-7200 | Professional Services | | $88,720.00 |
| NUCOR STEEL AUBURN<br>25 Quarry Road<br>Auburn, NY 13021 | Attn: Mike Keller<br>Phone: 315-253-4561<br>Fax: 315-253-8441 | Trade Debt | | $85,732.62 |
| TMC TRANSPORTATION<br>6115 SW Leland Avenue<br>Des Moines, IA 50321 | Attn: Larry Clark<br>Phone: 800-247-2460<br>Fax: 515-287-3249 | Trade Debt | | $81,550.89 |
| AEROTEK COMMERCIAL STAFFING<br>7301 Parkway Drive<br>Hanover, MD 21076 | Attn: William J. Butz<br>Phone: 410-579-3600<br>Fax: 410-694-5082 | Services | | $81,412.83 |
| CRST INTERNATIONAL, INC<br>3930 16th Avenue, SW<br>Cedar Rapids, IA 52406 | Attn: Phillip Gravatt<br>Phone: 319-396-4400<br>Fax: 319-390-2649 | Trade Debt | | $73,761.83 |
| NORTH AMERICAN STAINLESS<br>Dept. 97794<br>6870 Us Highway 42 East<br>Ghent, KY 41045 | Attn: Antonio Pacheco<br>Phone: 800-499-7833<br>Fax: 502-347-6001 | Trade Debt | | $68,538.85 |
| BLUE CROSS/BLUE SHIELD OF MASSACHUSETTS<br>The Landmark Center<br>401 Park Drive<br>Boston, MA 02215-3326 | Attn: Sandra L. Jesse<br>Phone: 617-246-5000<br>Fax: 617-246-4832 | Services | | $65,453.33 |

| | | | | |
|---|---|---|---|---|
| NUCOR STEEL SOUTH CAROLINA<br>300 Steel Mill Road<br>Darlington, SC  29540-1100 | Attn: Lynn Strock<br>Phone: 843-393-5841<br>Fax:  843-395-8741 | Trade Debt | | $63,467.84 |

## DECLARATION REGARDING CONSOLIDATED
## LIST OF CREDITORS HOLDING THE TWENTY LARGEST
## UNSECURED CLAIMS AGAINST THE DEBTORS

I, Karen G. Narwold, am an authorized officer of Barzel Industries Inc. and each of the other debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), and in such capacities, am familiar with the financial affairs of each of the Debtors. I declare under penalty of perjury that I have read and reviewed the foregoing Consolidated List of Creditors Holding the Twenty (20) Largest Unsecured Claims Against the Debtors and that the information included therein is true and correct and to the best of my knowledge, information and belief.

Dated: September 14, 2009

_Karen G. Narwold_
Karen G. Narwold
Vice President and Strategic Counsel
BARZEL INDUSTRIES INC.

# LIST OF EQUITY SECURITY HOLDERS OF
## BARZEL INDUSTRIES INC.

     In accordance with Rules 1007(a)(1), 1007(a)(3), and 7007.1(a) of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| Name of Holder | Description of Equity Security | Percentage Held |
| --- | --- | --- |
| Gilbert E. Playford | Common Stock | 26.1% |
| Royal Capital Management LLC | Common Stock | 12.7% |
| FMR LLC | Common Stock | 8.6% |
| Reed Connor & Birdwell, LLC | Common Stock | 5.8% |
| Corrado De Gasperis | Common Stock | 7.4% |

The foregoing sets forth information regarding the beneficial ownership of shares of Barzel Industries Inc.'s common stock as of March 1, 2009, based on information then currently available, by each person known by us to own beneficially 5% or more of Barzel's common stock.

**DECLARATION REGARDING
LIST OF EQUITY SECURITY HOLDERS OF
BARZEL INDUSTRIES INC.**

I, Karen G. Narwold, am an authorized officer of Barzel Industries Inc. (the "Debtor"), and in such capacity, am familiar with the financial affairs of the Debtor. I declare under penalty of perjury that the foregoing List of Equity Security Holders of the Debtor is true and correct and to the best of my knowledge, information and belief.

Dated: September 14, 2009

Karen G. Narwold
Vice President and Strategic Counsel
BARZEL INDUSTRIES INC.