# EXHIBIT "B"
# AUCTION AND SALE HEARING NOTICE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Barzel Industries Inc., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-13204 (CSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**September __, 2009 at _:00 _.m.**<br>**Hearing Date:**<br>**September __, 2009 at _:00 _.m.** |

## NOTICE OF SALE PROCEDURES, AUCTION DATE, AND SALE HEARING

**PLEASE BE ADVISED** that on September 16, 2009, Barzel Industries, Inc. ("BII") and its U.S. affiliated debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") filed their Motion for (I) Order (A) Approving Sale Procedures and Buyer Protections in Connection with the Sale of Substantially All of the Debtors' Assets Pursuant to Sections 363 and 365 of the Bankruptcy Code; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale; and (C) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of the Sale and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) Order Authorizing (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims and Encumbrances; and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Motion"). By the Motion, the Debtors seek, *inter alia*, to sell substantially all of their assets and to assume and assign certain executory contracts and unexpired leases to Chriscott USA Inc. and 4513614 Canada Inc. (collectively, the "Buyer")

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number are: Barzel Industries Inc. (0836), Barzel Holdings Inc. (1107), Barzel Finco Inc. (1010), Barzel Industries U.S. Inc. (6382), American Steel and Aluminum Corporation (2435), Nova Tube and Steel, Inc. (1790), Novamerican Tube Holdings, Inc. (3740) and Nova Tube Indiana, LLC (8275).

pursuant to the Asset Purchase Agreement, dated as of September 14, 2009, between the Debtors and one of their Canadian affiliates (the "Sellers") and the Buyer (the "APA"), or to a higher and better bidder pursuant to the procedures outlined below. The assets to be sold include, *inter alia*, (A) substantially all of the Sellers' assets; and (B) the assumption and assignment of certain executory contracts and unexpired leases as set forth in the APA (the "Assigned Contracts" and "Assigned Leases"); (C) but excluding the Excluded Assets as defined in the APA (collectively, the "Assets").

PLEASE BE FURTHER ADVISED that, on September __, 2009, pursuant to the Motion, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an Order (the "Procedures Order") approving the Debtors' proposed sale procedures and buyer protections (the "Sale Procedures") in connection with the proposed sale by the Debtors of the Assets, at an auction (the "Auction") to be conducted at the offices of counsel for the Debtors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 on [_____], 2009, at 10:00 a.m. (Eastern Time) (the "Auction Date"). The Auction will be open only to the Stalking Horse Bidder, the DIP lenders, counsel to the Official Committee of Unsecured Creditors, to the extent such committee has been formed, Barzel Industries Canada Inc., the Canadian Monitor, and any other Qualified Bidder. Bidding at the auction will be transcribed or videotaped. A copy of the Motion, the Procedures Order and the Sale Procedures can be obtained by requesting same from the Debtors' counsel at the address set forth below.

PLEASE BE FURTHER ADVISED that, pursuant to the Sale Procedures, any bidder desiring to submit a bid at the Auction (a "Competing Bid") shall deliver copies of its bid by facsimile and/or email indicating its interest in bidding addressed to the Debtors' counsel and

shall be qualified by the Debtors by signing a confidentiality agreement and providing the requisite financial and other information as set forth in the Sale Procedures (a "Potential Bidder"). The Debtors shall deliver or make available to each Potential Bidder certain designated information and financial data with respect to the Assets as set forth in the Motion, and will provide any Potential Bidder due diligence access or additional information as may be reasonably requested by the Potential Bidder that the Debtors, in their business judgment, determine to be reasonable and appropriate.

**PLEASE BE FURTHER ADVISED** that all Competing Bids shall be submitted in accordance with the Sale Procedures and shall be submitted in by facsimile and/or email to counsel to (a) counsel to the Debtors, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attention: Norman L. Pernick, Esq., (b) special counsel to the Debtors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attention: Benjamin Feder, Esq., and (c) counsel to the DIP lenders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attention: Andrew DeNatale, Esq. and Richards Layton and Finger, P.A., 920 North King Street, Wilmington, Delaware 19801-1494, Attention: Mark Collins, Esq., by 5:00 p.m. (Eastern Time) on [_____], 2009 (the "Bid Deadline"). No Competing Bid shall be considered by the Debtors unless it complies with the requirements set forth in the Sale Procedures. Each Potential Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale. Potential Bidders will be given advance notice of any changes to the date, time, and place of the Auction via e-mail or fax, if supplied by the Potential Bidders, or via overnight mail.

**PLEASE BE FURTHER ADVISED** that, pursuant to the Sale Procedures, any objections to the Debtors' sale of the Assets ("Sale Objections") shall be set forth in writing and shall state with particularity the grounds for such objections or other statements of position. Sale Objections shall be filed with the Court and served on (a) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 2nd Floor, 844 King Street, Wilmington, Delaware 19801 Attention: Mark S. Kenney, Esq., (b) counsel to any official committee of unsecured creditors appointed in the Debtors' chapter 11 cases, (c) counsel to the Debtors, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attention: Norman L. Pernick, Esq. and Kelley Drye & Warren LLP, 400 Atlantic Street, Stamford, Connecticut 06901, Attention: Benjamin Feder, Esq., (d) counsel to the DIP lenders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attention: Andrew DeNatale, Esq. and Richards Layton and Finger, P.A., 920 North King Street, Wilmington, Delaware 19801-1494, Attention: Mark Collins, Esq.; and (e) counsel to the Buyer, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York, 10166-0193, Attention: Steven Buffone, Esq. and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, P.O. Box 2087, Wilmington, Delaware 19899, Attention: Richard S. Cobb, Esq. (the "Notice Parties"), by 4:00 p.m. on September __, 2009 (the "Sale Objection Deadline").

**PLEASE BE FURTHER ADVISED** that the Court has scheduled September __, 2009, at _____ p.m., upon conclusion of the Auction (or such time thereafter as counsel may be heard) as the date for a hearing (the "Sale Hearing") to consider entry of an order authorizing and approving (i) the sale of the Assets free and clear of Encumbrances (other than with respect to Assumed Liabilities); and (ii) the Debtors' assumption and assignment of the Assigned Contracts and Assigned Leases pursuant to and as described in the APA. The Sale Hearing may, however,

be adjourned from time to time by announcement at the Sale Hearing in open Court, without notice.

**PLEASE BE FURTHER ADVISED** that objections, if any, that relate to the proposed assumption and assignment of an Assigned Contract or Assigned Lease (including, but not limited to, any objections relating to the validity of the cure amount as determined by the Debtors or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses must be cured or satisfied under any of the assigned executory contracts or unexpired leases as of the date of the Sale Hearing (the "Sale Hearing Date"), not including accrued but not yet due obligations, in order for such contract to be assumed and/or assigned) (a "Cure Cost Objection") shall be filed and served so as to be actually received by the Notice Parties, by September __, 2009, at ____ (the "Cure Cost Objection Deadline").

**PLEASE BE FURTHER ADVISED** that, except as limited herein, unless a Cure Cost Objection is filed and served by an Assigned Contract or Assigned Lease counterparty (an "Assigned Contract or Assigned Lease Counterparty") by the Cure Objection Deadline, all Assigned Contract and Assigned Lease Counterparties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Cure Cost Objection and to have otherwise consented to the assignment of the Assigned Contract or Assigned Lease and shall be forever barred and estopped from asserting or claiming against the Debtors, the Buyer, or the property of either of them, that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Assigned Contract or Assigned Lease for the period prior to the Sale Hearing Date.

**PLEASE BE FURTHER ADVISED** that Cure Cost Objections shall set forth (i) the basis for the objection, (ii) with specificity, the amount the party asserts as the appropriate

Cure Cost, and (iii) appropriate documentation in support of the Cure Cost asserted in the Cure Cost Objection.

**PLEASE BE FURTHER ADVISED** that hearings with respect to Cure Cost Objections may be held (a) at the Sale Hearing, or (b) at such other date as the Court may designate, <u>provided</u> that the Court may, upon the Debtors' request, order that an Assigned Contract or Assigned Lease subject to a timely Cure Objection may nevertheless be assumed and assigned to the Buyer, so long as the cure amount asserted by the Assigned Contract or Assigned Lease Counterparty (or such lower amount as may be fixed by the Court) shall be deposited with and held in a segregated account by the Debtors or such other person as the Court may direct pending further order of the applicable Court or mutual agreement of the parties. A properly filed and served Cure Cost Objection shall reserve such party's rights respecting the Cure Cost, but shall not constitute an objection to the relief generally requested in the Motion.

**PLEASE BE FURTHER ADVISED** that all requests for information concerning the Assets and the Sale Procedures should be in writing directed to counsel to the Debtors, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801.

Dated: September __, 2009
Wilmington, Delaware

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel: (302) 652-3131
Fax: (302) 652-3117

-and-

Gerald H. Gline, Esq.
Kenneth L. Baum, Esq.
25 Main Street
Hackensack, NJ 07602-0800
Tel: (201) 489-3000
Fax: (201) 489-1536

Proposed Counsel for the Debtors
and Debtors in Possession