# EXHIBIT B

# PROPOSED ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Barzel Industries Inc., et al., | Case No. 09-13204 (CSS) |
| Debtors.[1] | (Jointly Administered) |
| | Related Docket Number: __ |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS FINANCIAL ADVISORS

This matter coming before the Court on the Application of the Debtors to Retain and Employ Houlihan Lokey Howard & Zukin Capital, Inc. as Financial Advisors (the "Application"),[2] filed by the above-captioned debtors (the "Debtors"); the Court having reviewed the Application, the Turnbull Declaration and the Engagement Letter and having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Application and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Application is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Barzel Industries Inc. (0836), Barzel Holdings Inc. (1107), Barzel Finco Inc. (1010), Barzel Industries U.S. Inc. (6382), American Steel and Aluminum Corporation (2435), Nova Tube and Steel, Inc. (1790), Novamerican Tube Holdings, Inc. (3740) and Nova Tube Indiana, LLC (8275).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

IT IS HEREBY ORDERED THAT:

1. The Application is granted.

2. The Debtors are authorized, effective as of the Petition Date, to employ and retain Houlihan Lokey as their financial advisors, on the terms set forth in the Engagement Letter and the Application, pursuant to sections 327(a) and 328 of the Bankruptcy Code, and subject to the terms and conditions imposed below.

3. Houlihan Lokey shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court. Subject to the foregoing, Houlihan Lokey will file applications for interim and final allowance of compensation and reimbursement of expenses.

4. Houlihan Lokey's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

5. The Retainer shall constitute a general security retainer for postpetition services and expenses until the conclusion of these chapter 11 cases, at which point Houlihan Lokey will apply the Retainer against its then-unpaid fees and expenses with respect to Houlihan Lokey's fee applications filed and approved in accordance with the applicable provisions of the Bankruptcy Code.

6. The indemnification provisions of the Engagement Letter are approved, and the Debtors shall indemnify and hold harmless Houlihan Lokey and its affiliates, and their past, present, and future directors, officers, shareholders, partners, members, employees, agents,

-2-
47658/0001-5952203v3

representatives, advisors, subcontractors and controlling persons, pursuant to and in accordance with the Engagement Letter.

7. The Estate shall have no obligations to indemnify Houlihan Lokey or provide contribution or reimbursement to Houlihan Lokey for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from the gross negligence or willful misconduct of Houlihan Lokey, (ii) for a contractual dispute in which the Debtors and/or Committee allege the breach of Houlihan Lokey's contractual obligations unless the Court determines the indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Houlihan Lokey should not receive indemnity, contribution or reimbursement under the terms of Houlihan Lokey's retention, as modified by this Order.

8. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the terms of Houlihan Lokey's Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Houlihan Lokey must file an application therefore in this Court, and the Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Houlihan Lokey for

47658/0001-5952203v3

indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Houlihan Lokey. All parties in interest shall retain the right to object to any demand by Houlihan Lokey for indemnification, contribution and/or reimbursement.

9. To the extent requested in the Application, Houlihan Lokey is excused from complying with the information requirements contained in Local Rule 2016-2(d).

10. To the extent this Order is inconsistent with the Engagement Letter, this Order shall govern.

11. This Court shall retain jurisdiction over any matters arising from or related to the implementation of this Order.

Dated: _____, 2009
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE