# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No.   09-13204 |
| **BARZEL INDUSTRIES INC.** | Chapter 11 |
| **Debtor.** | |

# SCHEDULES OF ASSETS AND LIABILITIES

BARZEL INDUSTRIES INC. (the "Debtor") hereby submits its Schedules of Assets and Liabilities (the "Schedules") pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007.

The Debtor has used its best efforts to compile the information contained in the Schedules, based on its books and records maintained in the ordinary course of its business.

The Schedules remain subject to further review and verification by the Debtor.  Subsequent information may result in material changes in financial or other data contained in the Schedules.  The Debtor reserves the right to amend the Schedules from time to time as may be necessary or appropriate.

### Declaration

I, G. Wayne Day, declare under penalty of perjury that I have reviewed the information contained in these Schedules, and subject to any and all notes applicable to the Schedules and my reliance on the Debtor's personnel to the extent involved in the preparation of these Schedules, that they are true and correct to the best of my knowledge, information and belief.

Dated: October 25, 2009

/s/ *G. Wayne Day*
_____
Signature

G. Wayne Day
_____
Name

Chief Restructuring Officer
_____
Title

# GLOBAL NOTES, STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed concurrently herewith by Barzel Industries, Inc. and certain of its affiliate debtors and debtors- in-possession (collectively, the "Debtors" or the "Company")[1] in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared by the Debtors management pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure and are unaudited. The Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. The Debtors have used their best efforts to compile the information set forth in the Schedules and Statements from their books and records maintained in the ordinary course of their business. While the Debtors have made every effort to ensure that the Schedules and Statements are as accurate and complete as possible based upon information available at the time of preparation, inadvertent errors or omissions may exist and subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements which may warrant amendment of the same. The Debtors reserve the right to amend the Schedules and Statements from time to time as necessary or appropriate. These Global Notes, Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1.    **Description of the Cases and "as of" Information Date:**  On September 15, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Bankruptcy Court under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 17, 2009, the Bankruptcy Court entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b). Unless otherwise indicated all amounts listed in the Schedules and Statements are as of the Petition Date.

2.    **Basis of Presentation:**  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for all Debtors and which in the past have been audited or compiled annually. Unlike the consolidated financial information used for the Company's financial reporting purposes, the Schedules and Statements reflect the assets and liabilities of each Debtor based on their unaudited accounting records. Each Debtor generally maintains its accounting records in accordance with the Generally Accepted Accounting Principles ("GAAP") used in the United States. However, these Schedules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Barzel Industries Inc. (0836), Barzel Holdings Inc. (1107), Barzel Finco Inc. (1010), Barzel Industries U.S. Inc. (6382), American Steel and Aluminum Corporation (2435), Nova Tube and Steel, Inc. (1790), Novamerican Tube Holdings, Inc. (3740) and Nova Tube Indiana, LLC (8275).

and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile to any financial statements prepared by the Company.

3.     **Summary of Significant Reporting Policies:**  Each Debtor maintains its own balance sheets and accounting records reflecting intercompany accounts receivable and payable arising from intercompany transactions.  Accordingly, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

(a)     **Debtors:**  Separate Schedules and Statements have been filed for each of the Debtors. Intercompany balances and interests between the Debtors are reflected as of the close of business on the Petition Date.  Each Debtor's Schedules and Statements were prepared using the assets and liabilities of that Debtor pursuant to the Debtor's accounting records.

(b)     **Reporting Date:**  The Debtors' Schedules and Statements are prepared as of the close of business on the Petition Date except as otherwise stated in these Global Notes or in the Schedules and Statements.  In some instances, the Debtors have used estimates or other assumptions where actual data as of the Petition Date was not available.  Actual results could differ from those estimates.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based upon the information from research that was conducted in connection with the preparation of these Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of assets and liabilities between prepetition and post-petition periods may change.  The Debtors reserve the right to amend the Schedules and Statements to reflect any new information and to change the attribution of liability from a particular Debtor to another to the extent additional information becomes available.

(c)     **Book Value:**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of the net book value of the asset or liability in accordance with the Debtors' accounting records as of the Petition Date.  Unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as listed in the Debtors' books and are not based upon any estimate of their current market values, which may not correspond to book values.

(d)     **Property and Equipment – Owned:**  Unless otherwise noted, owned property and equipment are stated at net book value.

(e)     **Property and Equipment – Leased:**  In the ordinary course of business, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their business. Certain leases may be reflected in the Schedules and Statements as owned property in accordance with GAAP. Nothing in the Schedules and Statements is, or shall be construed as, an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement) and the Debtors reserve all rights with respect to any of such issues.

(f)     **Payments to Creditors:**  The Debtors have scheduled payments to creditors made within the ninety days prior to the commencement of the chapter 11 cases on the appropriate Statement

of Financial Affairs 3B of the Debtor that holds the bank account from which the payment was made. The Debtors have not scheduled payments made during the ninety days prior to the Petition Date to employees that were not officers or directors of the Debtors to the extent that such payments were ordinary course payments of wages or other compensation to employees.

(g) **Causes of Action:** The Debtors have not set forth causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

(h) **Bank Debt:** All co-Debtor and guarantor relationships related to obligations under the Debtors' prepetition credit facilities are reflected on Schedule H for each Debtor.

(i) **Schedule D:** Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable credit agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Additionally, the Debtors have listed only the trustee or administrative agent, rather than individual or beneficial holders, of any bank facility or debt instrument described in the Schedules and Statements. The Debtors have not included on Schedule D certain parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors or inchoate statutory lien rights. Such counterparties have been listed in Schedule F.

(j) **Schedule E:** The Bankruptcy Court entered certain first day orders granting authority to the Debtors to pay, among other things, certain prepetition taxes as well as employee wages, salaries, benefits and other obligations. Pursuant to such orders, the Debtors believe that any priority tax or employee claims for prepetition amounts either have been satisfied or are in the process of being satisfied. Accordingly, such claims for amounts owing as of the Petition Date that have been paid or that are intended to be paid have not been included in the Schedules and Statements.

(k) **Schedule F:** The Debtors have attempted, to the best of their ability, to allocate their accounts payable as of the Petition Date, and to schedule such payables with the Debtor that received the benefit of the goods or services. All balances listed on Schedule F are shown net of any payments made as of the date of the filing of these Schedules and Statements.

(l) **Schedule G:** The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, letters and other documents, instruments and agreements which may not be listed on Schedule G. Certain real property leases listed on

Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain executory agreements may not have been memorialized and may be subject to dispute. Executory agreements which are oral in nature have been scheduled to the best of the Debtors' ability. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, supplemental agreements, amendments/letter agreements, title documents, consents and other miscellaneous agreements which are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is valid or that it is an executory contract or unexpired lease. The Debtors reserve all rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G.

4. **Claims:** Pursuant to certain first-day and other orders issued by the Bankruptcy Court (collectively, the "First Day Orders"), the Bankruptcy Court has authorized the Debtors to pay certain outstanding prepetition claims, including without limitation, certain employee wages and benefit claims, claims of certain broker-carriers, and claims for taxes. Accordingly, such claims that have been or will be paid pursuant to such First Day Orders may not be reflected in these Schedules and Statements. Conversely, certain claims which appear on the Schedules and Statements may have been paid pursuant to a First Day Order and the Debtors may pay some of the claims listed on the Schedules in the ordinary course of business during these cases pursuant to such First Day Orders or other Bankruptcy Court orders. To the extent claims listed on the Schedules and Statements are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary and appropriate. Moreover, certain of the First Day Orders may preserve the rights of parties in interest to dispute any amounts paid pursuant to First Day Orders. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to First Day Orders.

5. **Disputed, Contingent and/or Unliquidated Claims:** Schedules D, E and F permit each of the Debtors to designate a claim as disputed, contingent and/or unliquidated. A failure to designate a claim on any of these schedules as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve their right to dispute and to assert offsets or defenses to any claim reflected on these Schedules and Statements as to nature, amount, liability or status.

6. **Insurance:** The Debtors maintain general liability insurance policies, and various other insurance policies, on behalf of all the Debtors. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors. Each Debtor's insurance policies generally are structured to provide coverage for its affiliates, including the other Debtors. The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicle and general liability policies.

7.     **Real Property:**  Real Property owned by any of the Debtors is listed in the Schedule A for that individual Debtor.  Real property is scheduled at the value that the Debtors carried on their books as of the Petition Date.

8.     **Global Notes Control:**  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.


* * * END OF GLOBAL NOTES * * *<br>* * * SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE * * *

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re:  BARZEL INDUSTRIES INC.**                                **Case No.:  09-13204**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | ASSETS | LIABILITIES |
|---|---|---|---|
| A.  Real Property | Yes | $0.00 | |
| B.  Personal Property | Yes | ($46,066,905.00) | |
| C.  Property Claimed As Exempt | No | | |
| D.  Creditors Holding Secured Claims | Yes | | $0.00 |
| E.  Creditors Holding Unsecured Priority Claims | Yes | | $0.00 |
| F.  Creditors Holding Unsecured Nonpriority Claims | Yes | | $0.00 |
| G.  Executory Contracts and Unexpired Leases | Yes | | |
| H.  Codebtors | Yes | | |
| I.  Current Income of Individual Debtor(s) | No | | |
| J.  Current Expenditures of Individual Debtor(s) | No | | |
| **TOTALS** | | **($46,066,905.00)** | **$0.00** |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:  **BARZEL INDUSTRIES INC.**

Case No.:  09-13204

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory  Contracts and Unexpired Leases.**

If an entity claims to have a lien or holds a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

See Attached

In re: BARZEL INDUSTRIES INC.                                      Case No.: 09-13204

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Net Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|
| -None- | | | |
| TOTAL SCHEDULE A: | | | |
| TOTAL DEBTOR: | | | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re:  BARZEL INDUSTRIES INC.**                              **Case No.:  09-13204**

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child."

**See Attached**

**In re: BARZEL INDUSTRIES INC.**                                    Case No.: 09-13204

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Net Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 1.  Cash on hand. | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | |
| 10. Annuities. Itemize and name each issuer. | X | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. § 503(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | |

**In re: BARZEL INDUSTRIES INC.**      Case No.: 09-13204

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Net Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | SEE EXHIBIT-B13 | ($46,070,617.00) |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16. Accounts receivable. | | SEE EXHIBIT-B16 | $3,712.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A of Real Property. | X | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |

In re: BARZEL INDUSTRIES INC.                                Case No.: 09-13204

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Net Book Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption |
|---|---|---|---|
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41a)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crop - growing or harvested. Give particulars. | X | | |
| 33. Farm equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |
| | | TOTAL: | ($46,066,905.00) |

In re: BARZEL INDUSTRIES INC.                                    Case No.: 09-13204

## SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT   B13

| Asset Id | Description | Location | Net Book Value |
|---|---|---|---|
| 134 | INTEREST IN SUBSIDIARIES | BARZEL HOLDINGS INC.<br>100% EQUITY OWNERSHIP | ($46,070,617.00) |
| | | TOTAL: | ($46,070,617.00) |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re: BARZEL INDUSTRIES INC.**                    Case No.: 09-13204

## SCHEDULE B - PERSONAL PROPERTY
## EXHIBIT   B16

| Asset Id | Description | Location | Net Book Value |
|---|---|---|---|
| 135 | INTERCOMPANY RECEIVABLES | VARIOUS DEBTOR AND NON-DEBTOR AFFILIATES | $3,712.00 |
| | | **TOTAL:** | $3,712.00 |

In re:  **BARZEL INDUSTRIES INC.**                                         Case No.:   09-13204

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C.§ 112 and Fed. R. Bankr. P.1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules.

[  ] Check this box if debtor has no creditors holding secured claims to report on this Schedule D.


**The obligations under the Notes are secured by a second priority lien on the cash, deposit accounts, accounts receivable and inventory of Barzel, Barzel Finco and the U.S. subsidiary guarantors and a first priority lien on the remaining assets of each guarantor, including, subject to certain limitations, intercompany demand promissory notes issued by Barzel Canada to Barzel Finco which notes are secured by a second priority lien on the cash, deposit accounts, accounts receivable and inventory of Barzel Canada and by a first priority lien on substantially all of its remaining assets.**

**The obligations under the Credit Facility are secured by perfected first priority security interests in substantially all the cash, deposit accounts, accounts receivable and inventory of the Company and its U.S. subsidiary guarantors and perfected second priority security interests in substantially all of the remaining assets of the Company and its U.S. subsidiary guarantors.  The obligations of Barzel Canada under the ABL Credit Facility are secured by certain working capital assets, including deposit accounts, accounts receivable and inventory of Barzel Canada and its subsidiary guarantors.**

**See Attached**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: **BARZEL INDUSTRIES INC.**         **Case No.: 09-13204**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed Co-Debtor | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|
| **Sub Schedule:  SECURED DEBT** | | | | | | |
| CIBC WORLD MARKETS, INC.<br>425 LEXINGTON AVENUE<br>NEW YORK  NY  10017<br>Creditor: 2176 - 19 | INDENTURE DATED NOVEMBER 5, 2007<br>11.5% SENIOR SECURED NOTES DUE 2015<br><br>PRINCIPAL:  $315,000,000<br>ACCRUED INTEREST: $33,166,230 | X | | X | UNLIQUIDATED | UNKNOWN |
| CIBC WORLD MARKETS, INC.<br>425 LEXINGTON AVENUE<br>NEW YORK  NY  10017<br>Creditor: 2178 - 19 | SENIOR SECURED CREDIT AGREEMENT,<br>DATED AS OF NOVEMBER 15, 2007<br>AGGREGATE PRINCIPAL AND ACCRUED<br>INTEREST | X | | X | UNLIQUIDATED | UNKNOWN |
| J.P. MORGAN SECURITIES, INC.<br>BANK OF NEW YORK MELLON<br>101 BARCLAY STREET, FLOOR 8W<br>NEW YORK  NY  10286<br>Creditor: 2175 - 19 | INDENTURE DATED NOVEMBER 5, 2007<br>11.5% SENIOR SECURED NOTES DUE 2015<br><br>PRINCIPAL:  $315,000,000<br>ACCRUED INTEREST: $33,166,230 | X | | X | UNLIQUIDATED | UNKNOWN |
| J.P. MORGAN SECURITIES, INC.<br>BANK OF NEW YORK MELLON<br>101 BARCLAY STREET, FLOOR 8W<br>NEW YORK  NY  10286<br>Creditor: 2177 - 19 | SENIOR SECURED CREDIT AGREEMENT,<br>DATED AS OF NOVEMBER 15, 2007<br>AGGREGATE PRINCIPAL AND ACCRUED<br>INTEREST | X | | X | UNLIQUIDATED | UNKNOWN |
| **TOTAL SUB SCHEDULE:  SECURED DEBT** | | | | | $0.00 | UNKNOWN |
| **TOTAL SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS:** | | | | | $0.00 | UNKNOWN |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re:  BARZEL INDUSTRIES INC.**                              **Case No.:  09-13204**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedules. Individual debtors with primarily consumer debts who filed a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liability and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedules. Individual debtors with primarily consumer debts who filed a case under chapter 7 report this total also on the Statistical Summary of Certain Liability and Related Data.

[ ]      Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]      **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the Debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]      **Extensions of Credit in an Involuntary Case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

**In re:  BARZEL INDUSTRIES INC.**                                                **Case No.:  09-13204**

[ ]      **Wages, Salaries, and Commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950.00* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]      **Contributions to Employee Benefit Plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ]      **Certain Farmers and Fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ]      **Deposits by Individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[X]      **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ]      **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

[ ]      **Claims for Death or Personal Injury While Debtor was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**See Attached**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: BARZEL INDUSTRIES INC.                                    Case No.: 09-13204

## SCHEDULE E - CREDITORS HOLDING UNSECURED  PRIORITY CLAIMS

Type of Priority for Claims Listed on this Sheet

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred and Consideration for Claim. | Contingent | Unliquidated | Disputed | Co-Debtor | Total Amount of Claim | Amount Entitled to Priority | Amount Not Entitled to Priority, If any |
|---|---|---|---|---|---|---|---|---|
| **Sub Schedule:  TAXES** | | | | | | | | |
| CITY OF NEW YORK DEPARTMENT OF FINANCE PO BOX 5070 KINGSTON NY 12402-5070 Creditor: 2134 - 22 | CORPORATE INCOME TAX | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |
| COMMONWEALTH OF MASSACHUSETTS CORPORATIONS DIVISION ONE ASHBURTON PLACE, 17TH FLOOR BOSTON MA 02108-1512 Creditor: 2130 - 22 | ANNUAL REPORT(S) | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |
| COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE PO BOX 7067 BOSTON MA 02204 Creditor: 2129 - 22 | CORPORATE INCOME TAX | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |
| INTERNAL REVENUE SERVICE DEPARTMENT OF TREASURY SERVICE CENTER OGDEN UT 84201-0012 Creditor: 2119 - 22 | FEDERAL CORPORATE INCOME TAX | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |
| STATE OF DELAWARE SECRETARY OF STATE PO BOX 11728 NEWARK NJ 07101-4728 Creditor: 2118 - 22 | FRANCHISE TAX/ANNUAL REPORT | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |
| STATE OF MAINE DEPARTMENT REVENUE SERVICES PO BOX 1062 AUGUSTA ME 04332-1062 Creditor: 2128 - 22 | CORPORATE INCOME TAX | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |
| STATE OF NEW HAMPSHIRE DEPT OF REVENUE ADMINISTRATION REVENUE ADMINISTRATION PO BOX 637 CONCORD NH 03302-0637 Creditor: 2132 - 22 | CORPORATE INCOME TAX | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |

PAGE TOTAL:                          $0.00        UNKNOWN        UNKNOWN

**In re: BARZEL INDUSTRIES INC.**                                      **Case No.: 09-13204**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

**Type of Priority for Claims Listed on this Sheet**

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred and Consideration for Claim. | Contingent | Unliquidated | Disputed | Co-Debtor | Total Amount of Claim | Amount Entitled to Priority | Amount Not Entitled to Priority, If any |
|---|---|---|---|---|---|---|---|---|
| **Sub Schedule:   TAXES** | | | | | | | | |
| STATE OF NEW YORK CORPORATION TAX PROCESSING UNIT PO BOX 22102 ALBANY  NY  12201-2102 Creditor: 2136 - 22 | CORPORATE INCOME TAX | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |
| STATE OF VERMONT DEPARTMENT OF TAXES 133 STATE ST MONTPELIER  VT  05633-1401 Creditor: 2154 - 22 | CORPORATE INCOME TAX | X | | | | UNLIQUIDATED | UNKNOWN | UNKNOWN |
| **TOTAL SUB SCHEDULE:  TAXES** | | | | | | **$0.00** | UNKNOWN | UNKNOWN |
| **TOTAL - CREDITORS HOLDING UNSECURED  PRIORITY CLAIMS:** | | | | | | **$0.00** | UNKNOWN | UNKNOWN |

PAGE TOTAL:                    $0.00          UNKNOWN          UNKNOWN

In re:  **BARZEL INDUSTRIES INC.**                                      **Case No.:   09-13204**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account  number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated. "  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in  more than one of these three columns.)

Report total of all claims listed in this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

[X] Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

In re:  **BARZEL INDUSTRIES INC.**                    Case No.:  **09-13204**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.
If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C.§ 112; Fed. R.Bankr.P. 1007(m).

### <u>SCHEDULE G NOTES</u>

**LISTING A CONTRACT OR AGREEMENT ON THIS SCHEDULE DOES NOT CONSTITUTE AN ADMISSION THAT SUCH CONTRACT OR AGREEMENT IS AN EXECUTORY CONTRACT OR UNEXPIRED LEASE OR THAT SUCH CONTRACT OR AGREEMENT WAS IN EFFECT ON THE PETITION DATE OR IS VALID OR ENFORCEABLE. ANY AND ALL OF THE DEBTOR'S RIGHTS, CLAIMS AND CAUSES OF ACTION WITH RESPECT TO THE CONTRACTS AND AGREEMENTS LISTED ON THIS SCHEDULE ARE HEREBY RESERVED AND PRESERVED.**

**OMISSION OF A CONTRACT OR AGREEMENT FROM THIS SCHEDULE DOES NOT CONSTITUTE AN ADMISSION THAT SUCH OMITTED CONTRACT OR AGREEMENT IS NOT AN EXECUTORY CONTRACT OR UNEXPIRED LEASE.  THE DEBTOR'S RIGHTS UNDER THE BANKRUPTCY CODE WITH RESPECT TO ANY SUCH OMITTED CONTRACTS OR AGREEMENTS ARE NOT IMPAIRED BY THE OMISSION.  THIS SCHEDULE MAY BE AMENDED AT ANY TIME TO ADD ANY OMITTED CONTRACT OR AGREEMENT.**

<u>See Attached</u>

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re:  BARZEL INDUSTRIES INC.**

**Case No.: 09-13204**

## Schedule G - Executory Contracts and Unexpired Leases

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property.  State Contract Number of Any Government Contract. |
|---|---|
| **Sub Schedule:** | **NONRESIDENTIAL REAL PROPERTY LEASES** |
| PHOENIX TECHNOLOGIES, LTD<br>ATTN LEGAL DEPARTMENT<br>915 MURPHY RANCH ROAD<br>MILPITAS  CA  95035<br>Creditor: 382 | NONRESIDENTIAL REAL PROPERTY LEASE - DEBTOR IS SUBLESSEE<br>LOCATION:  320 NORWOOD PARK SOUTH, NORWOOD, MA 02062 |

In re:  **BARZEL INDUSTRIES INC.**

Case No.: 09-13204

## Schedule G - Executory Contracts and Unexpired Leases

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property.  State Contract Number of Any Government Contract. |
|---|---|
| **Sub Schedule:** | **MISCELLANEOUS CONTRACTS** |
| ACCOUNTEMPS (A DIVISION OF ROBERT HALF INTERNATIONAL, INC.) 12400 COLLECTIONS CTR DR CHICAGO IL 60693 Creditor: 1311 | SERVICES AGREEMENT, DATED AUGUST 26, 2009. |
| ACE AMERICAN INSURANCE CO. PO BOX 1000 436 WALNUT STREET PHILADELPHIA PA 19105 -100 Creditor: 2187 | INSURANCE POLICY - TRAVEL ACCIDENT #ADD N04830623, EFFECTIVE DECEMBER 1, 2008 TO DECEMBER 1, 2009 |
| AIU HOLDINGS LLC C/O CHARTIS 175 WATER STREET NEW YORK NY 10038 Creditor: 2196 | INSURANCE POLICY - AUTOMOBILE LIABILITY - US #CA 1469498, EFFECTIVE MARCH 1, 2009 TO MARCH 1, 2010 |
| AIU HOLDINGS LLC C/O CHARTIS 175 WATER STREET NEW YORK NY 10038 Creditor: 2196 | INSURANCE POLICY - MASS AUTO #CA 1469497, EFFECTIVE MARCH 1, 2009 TO MARCH 1, 2010 |
| AIU HOLDINGS LLC C/O CHARTIS 175 WATER STREET NEW YORK NY 10038 Creditor: 2196 | INSURANCE POLICY - WORKERS COMPENSATION #WC 1524854, EFFECTIVE MARCH 1, 2009 TO MARCH 1, 2010 |
| ALCOA, INC. P.O. BOX 360035M PITTSBURGH PA 15251 Creditor: 2200 | REPLENISHMENT AGREEMENT, DATED MARCH 16, 2009. |
| AMERICAN EXPRESS-CORPORATE CARD P.O. BOX 2855 NEW YORK NY 10116-2855 Creditor: 2224 | CREDIT CARD AGREEMENT |
| ARCELOR MITTAL DOFASCO 1330 BURLINGTON STREET EAST BOX 2460 HAMILTON ON L8N 3J5 CANADA Creditor: 2965 | REPLENISHMENT AGREEMENT DATED NOVEMBER 28, 2008 AS AMENDED BY AMENDMENT AGREEMENT DATED FEBRUARY 13, 2009 |

In re:   **BARZEL INDUSTRIES INC.**                                    Case No.: 09-13204

## Schedule G - Executory Contracts and Unexpired Leases

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property.  State Contract Number of Any Government Contract. |
|---|---|
| **Sub Schedule:** | **MISCELLANEOUS CONTRACTS** |
| AXIS GROUP LLC<br>400 CONNELL DRIVE, SUITE 7200<br>BERKELEY HEIGHTS  NJ  07922<br>Creditor: 2197 | INSURANCE POLICY - PROPERTY #MGB 745260-08, EFFECTIVE DECEMBER 31, 2008 TO DECEMBER 31, 2009 |
| CHABAD OF BROOKLYN HEIGHTS<br>RABBI AARON RASKIN<br>117 REMSEN STREET<br>BROOKLYN  NY  11201<br>Creditor: 1723 | PROFESSIONAL  SERVICES - INDEPENDENT CONTRACTOR |
| CHUBB INSURANCE COMPANY OF CANADA<br>1 ADELAIDE ST E<br>TORONTO, ONTARIO    M5C 2V9   CANADA<br>Creditor: 2195 | INSURANCE POLICY - AUTOMOBILE LIABILITY - CANADA #3534-8115, EFFECTIVE NOVEMBER 30, 2008 TO NOVEMBER 30, 2009 |
| CHUBB INSURANCE COMPANY OF CANADA<br>1 ADELAIDE ST E<br>TORONTO, ONTARIO    M5C 2V9   CANADA<br>Creditor: 2195 | INSURANCE POLICY - GENERAL LIABILITY/PRODUCTS LIABILITY — WORLDWIDE #3534-8115, EFFECTIVE NOVEMBER 30, 2008 TO NOVEMBER 30, 2009 |
| CHUBB INSURANCE COMPANY OF CANADA<br>1 ADELAIDE ST E<br>TORONTO, ONTARIO    M5C 2V9   CANADA<br>Creditor: 2195 | INSURANCE POLICY - ENVIRONMENTAL SITE LIABILITY #37310439, EFFECTIVE DECEMBER 1 , 2008 TO DECEMBER 1, 2009 |
| CONTINENTAL STOCK TRANSFER & TRUST<br>ATTN: JOHN W. COMER<br>17 BATTERY PLACE<br>8TH FLOOR<br>NEW YORK  NY  10004<br>Creditor: 227 | STOCK TRANSFER AGENT AGREEMENT |
| CORT FURNITURE<br>564 MASSACHUSETTS AVENUE<br>CAMBRIDGE  MA  02139<br>Creditor: 2179 | OFFICE EQUIPMENT AND FURNITURE |
| CREW STEEL INC.<br>BERT COHEN<br>54 BURLAND CRESCENT<br>HAMILTON  ON  L8H 7T5  CANADA<br>Creditor: 1724 | LETTER DATED AUGUST 4, 2009 |

In re:  **BARZEL INDUSTRIES INC.**                              Case No.: 09-13204

## Schedule G - Executory Contracts and Unexpired Leases

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property.  State Contract Number of Any Government Contract. |
|---|---|
| **Sub Schedule:** | **MISCELLANEOUS CONTRACTS** |
| DE GASPERIS, CORRADO<br>FORMER DIRECTOR AND CEO<br>432 SCARBOROUGH ROAD<br>BRIARCLIFF MANOR  NY  10510<br>Creditor: 2529 | EMPLOYMENT AGREEMENT DATED JANUARY 1, 2008, AS AMENDED BY A LETTER AGREEMENT, DATED MAY 5, 2009 |
| FEDERAL INSURANCE CO. (CHUBB)<br>15 MOUNTAIN VIEW ROAD<br>WARREN  NJ  07059<br>Creditor: 2188 | INSURANCE POLICY - EMPLOYMENT PRACTICES LIABILITY #8211-0546, EFFECTIVE NOVEMBER 26, 2008 TO NOVEMBER 26, 2009 |
| FEDERAL INSURANCE CO. (CHUBB)<br>15 MOUNTAIN VIEW ROAD<br>WARREN  NJ  07059<br>Creditor: 2188 | INSURANCE POLICY - SPECIAL CRIME #8211-0530, EFFECTIVE NOVEMBER 26, 2008 |
| JACOBS, MICHAEL<br>119 GREENBROOK DR.<br>STOUGHTON  MA  02072<br>Creditor: 260 | SERVICES AGREEMENT, DATED JULY 16, 2009. |
| LEPORE, DOMENICO<br>FORMER DIRECTOR AND PRESIDENT<br>444 12TH STREET<br>BROOKLYN  NY  11215<br>Creditor: 434 | EMPLOYMENT AGREEMENT DATED JANUARY 1, 2008, AS AMENDED BY A LETTER AGREEMENT, DATED MAY 5, 2009 |
| LIBERTY MUTUAL INSURANCE COMPANY<br>175 BERKELEY STREET<br>BOSTON  MA  02116<br>Creditor: 2189 | INSURANCE POLICY - CRIME #F14N733121001, EFFECTIVE NOVEMBER 30, 2008 TO NOVEMBER 30, 2009 |
| NARWOLD, KAREN G.<br>VP, STRATEGIC COUNSEL AND SECRETARY<br>302 NORWOOD PARK SOUTH<br>SECOND FLOOR<br>NORWOOD  MA  02062<br>Creditor: 1862 | EMPLOYMENT AGREEMENT DATED JANUARY 1, 2008, AS AMENDED BY A LETTER AGREEMENT, DATED MAY 5, 2009 |
| NATIONAL UNION FIRE INSURANCE CO.<br>625 LIBERTY AVENUE<br>PITTSBURGH  PA  15222-3110<br>Creditor: 2190 | INSURANCE POLICY - EMPLOYED LAWYERS #01-340-88-34, EFFECTIVE NOVEMBER 24, 2008 TO NOVEMBER 24, 2009 |

In re:  **BARZEL INDUSTRIES INC.**                                       Case No.: 09-13204

## Schedule G - Executory Contracts and Unexpired Leases

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property. State Contract Number of Any Government Contract. |
|---|---|
| **Sub Schedule:** | **MISCELLANEOUS CONTRACTS** |
| NORTHSTAR BLUESCOPE STEEL<br>ATTN: JOSEPH BUDION, CFO<br>6767 COUNTY RD #9<br>DELTA  OH  43515-0128<br>Creditor: 842 | REPLENISHMENT AGREEMENT DATED NOVEMBER, 2008 |
| ODED COHEN<br>14, OSTASHINSKI STREET<br>KFAR SABA  44450  ISRAEL<br>Creditor: 1734 | PROFESSIONAL SERVICES - INDEPENDENT CONTRACTOR<br>CONSULTING AGREEMENT - CONTINUOUS LEARNING AND KNOWLEDGE, DATED JANUARY 1, 2009 |
| ROBERT HALF<br>ATTN: ROBERT NELSON<br>10 FORBES ROAD WEST, 4TH FL<br>BRAINTREE  MA  02184<br>Creditor: 1403 | TEMPORARY AGENCY AGREEMENT; FINANCE/ACCOUNTING PERSONNEL (SEE ALSO ACCOUNTEMPS) |
| SEVERSTAL SPARROWS POINT LLC<br>ATTN: SIAN MARCONE, ACCOUNT MANAGER<br>1430 SPARROWS POINT BLVD<br>SPARROWS POINT  MD  21219<br>Creditor: 333 | REPLENISHMENT AGREEMENT |
| ST. PAULS TRAVELERS<br>385 WASHINGTON STREET<br>SAINT PAUL  MN  55102<br>Creditor: 2191 | INSURANCE POLICY - FIDUCIARY LIABILITY #EC6900681, EFFECTIVE MARCH 1, 2009 TO MARCH 1, 2010 |
| TZIVOS HASHEM CANADA, INC.<br>ARNIE GOTFRYD<br>61 ALNESS STREET, SUITE 207A<br>TORONTO  ON  M3J 2H2  CANADA<br>Creditor: 1742 | PROFESSIONAL SERVICES - INDEPENDENT CONTRACTOR |
| VERIZON INTERNET SERVICES INC.<br>1880 CAMPUS COMMONS DR<br>RESTON  VA  20191<br>Creditor: 2966 | VERIZON HIGH SPEED INTERNET FOR BUSINESS AND OTHER INTERNET SERVICES AGREEMENT DATED NOVEMBER 14, 2008 |
| WAREHOUSE EMPLOYEES OF SOUTH PORTLAND<br>ATTN WAYNE VARNEY<br>115 WALLACE AVENUE<br>SOUTH PORTLAND  ME  04106<br>Creditor: 1900 | COLLECTIVE BARGAINING AGREEMENT, AS AMENDED DATED JANUARY 1, 2008 |

In re:  **BARZEL INDUSTRIES INC.**

**Case No.: 09-13204**

## Schedule G - Executory Contracts and Unexpired Leases

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property.  State Contract Number of Any Government Contract. |
|---|---|
| **Sub Schedule:** | **MISCELLANEOUS CONTRACTS** |
| ZURICH INSURANCE<br>1400 AMERICAN LANE<br>SCHAUMBURG IL  60196<br>Creditor: 2192 | INSURANCE POLICY - UMBRELLA LIABILITY #AUC-5944831-00, EFFECTIVE NOVEMBER 30, 2008 TO NOVEMBER 30, 2009 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:  **BARZEL INDUSTRIES INC.**         Case No.:  **09-13204**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.

| Name and Address of Creditor | Name and Address of Codebtor |
|---|---|
| CIBC WORLD MARKETS, INC.<br>425 LEXINGTON AVENUE<br>NEW YORK, NY 10017 | BARZEL INDUSTRIES, INC.<br>AND ALL OTHER DEBTORS<br>320 NORWOOD PARK SOUTH<br>NORWOOD, MA 02062 |

The obligations under the Notes are secured by a second priority lien on the cash, deposit accounts, accounts receivable and inventory of Barzel, Barzel Finco and the U.S. subsidiary guarantors and a first priority lien on the remaining assets of each guarantor, including, subject to certain limitations, intercompany demand promissory notes issued by Barzel Canada to Barzel Finco which notes are secured by a second priority lien on the cash, deposit accounts, accounts receivable and inventory of Barzel Canada and by a first priority lien on substantially all of its remaining assets.

The obligations under the Credit Facility are secured by perfected first priority security interests in substantially all the cash, deposit accounts, accounts receivable and inventory of the Company and its U.S. subsidiary guarantors and perfected second priority security interests in substantially all of the remaining assets of the Company and its U.S. subsidiary guarantors.  The obligations of Barzel Canada under the ABL Credit Facility are secured by certain working capital assets, including deposit accounts, accounts receivable and inventory of Barzel Canada and its subsidiary guarantors.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:  **BARZEL INDUSTRIES INC.**                    Case No.:  09-13204

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.

| Name and Address of Creditor | Name and Address of Codebtor |
|---|---|
| J.P. MORGAN SECURITIES, INC.<br>BANK OF NEW YORK MELLON<br>101 BARCLAY STREET, FLOOR 8W<br>NEW YORK, NY 10286 | BARZEL INDUSTRIES, INC.<br>AND ALL OTHER DEBTORS<br>320 NORWOOD PARK SOUTH<br>NORWOOD, MA 02062 |

The obligations under the Notes are secured by a second priority lien on the cash, deposit accounts, accounts receivable and inventory of Barzel, Barzel Finco and the U.S. subsidiary guarantors and a first priority lien on the remaining assets of each guarantor, including, subject to certain limitations, intercompany demand promissory notes issued by Barzel Canada to Barzel Finco which notes are secured by a second priority lien on the cash, deposit accounts, accounts receivable and inventory of Barzel Canada and by a first priority lien on substantially all of its remaining assets.

The obligations under the Credit Facility are secured by perfected first priority security interests in substantially all the cash, deposit accounts, accounts receivable and inventory of the Company and its U.S. subsidiary guarantors and perfected second priority security interests in substantially all of the remaining assets of the Company and its U.S. subsidiary guarantors.  The obligations of Barzel Canada under the ABL Credit Facility are secured by certain working capital assets, including deposit accounts, accounts receivable and inventory of Barzel Canada and its subsidiary guarantors.