# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Barzel Industries Inc., et al., | Case No. 09-13204 (CSS) |
| Debtors.[1] | (Jointly Administered) |
| | Hearing Date: August 20, 2010 at 3:00 p.m.<br>Objection Deadline: July 30, 2010 at 4:00 p.m. |

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FURTHER EXTENDING THE EXCLUSIVE TIME PERIODS DURING WHICH THE DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A PLAN

The above-captioned debtors and debtors in possession (collectively, the "Debtors") by and through their undersigned counsel, hereby move (the "Motion") for entry of an order pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) extending by 91 days the time period during which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period")[2] and (b) extending by 90 days the time period during which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"). In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Barzel Industries Inc. (0836), Barzel Holdings Inc. (1107), Barzel Finco Inc. (1010), Barzel Industries U.S. Inc. (6382), American Steel and Aluminum Corporation (2435), Nova Tube and Steel, Inc. (1790), Novamerican Tube Holdings, Inc. (3740) and Nova Tube Indiana, LLC (8275).

[2] The Debtors have requested a 91 day extension of the Exclusive Filing Period because under a 90 day extension, the last day of the period would fall on a Sunday.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code, Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.[3]

## BACKGROUND

3. On September 15, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[4] The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of their bankruptcy cases, is set forth in the Narwold Declaration[5] [Docket No. 14].

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 30, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors in these chapter 11 cases (the "Committee") [Docket No. 91].

---

[3] Local Rule 9006-2 provides: "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

[4] On the Petition Date, Barzel Industries Canada Inc, one of the Debtors' Canadian affiliates (the "Barzel Canada"), filed an application with the Ontario Superior Court of Justice under the Companies Creditors Arrangement Act, R.S.C. 1985, c. C-36 (the cases commenced under the CCAA by the Canadian Entities, the "Canadian Proceedings"), seeking protection from its creditors in Canada.

[5] Capitalized terms not defined herein shall have the meaning ascribed to them in the Narwold Declaration.

6. On November 3, 2009, the Court approved the sale of substantially all of the Debtors' assets to Chriscott USA Inc. and 4513614 Canada Inc. (the "Buyers") [Docket No. 248]. The sale closed on or about November 16, 2010.

7. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtors' initial Exclusive Filing Period was set to expire on January 13, 2010, and pursuant to section 1121(c) of the Bankruptcy Code, the Debtors' initial Exclusive Solicitation Period was set to expire on March 13, 2010.

8. On January 28, 2010, the Court entered an order granting the Debtors an extension of their Exclusive Filing Period until April 13, 2010 and an extension of their Exclusive Solicitation Period until June 11, 2010.

9. On May 10, 2010, the Court entered an order granting the Debtors an extension of their Exclusive Filing Period until July 12, 2010 and an extension of their Exclusive Solicitation Period until September 9, 2010. This Motion is the third request by the Debtors for an extension of the Exclusive Periods.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek the entry of an order, pursuant to section 1121(d) of the Bankruptcy Code, (a) extending the Exclusive Filing Period by 91 days, through and including October 11, 2010 and (b) extending the Exclusive Solicitation Period by 90 days, through and including December 8, 2010. If granted, the extension of the Exclusive Periods will be without prejudice to (i) the right of the Debtors to seek further extensions of the Exclusive Periods or (ii) the right of any party in interest to seek to reduce the Exclusive Periods for cause.

## BASIS FOR RELIEF

11. Section 1121(d) grants the Court authority to extend the Exclusive Periods "for cause" after notice and a hearing. Specifically, section 1121(d) provides:

47658/0001-6846419v3

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section. 11 U.S.C. § 1121(d)(1).

12. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1977) (the "House Report"); see also In re Public Serv. Co. of N. H., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent ... [is] to promote maximum flexibility"); In re McLean Indus., Inc., 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting the House Report).

13. To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. See, e.g., In re McLean Indus., 87 B.R. at 833-34; In re Texaco Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987). The decision to extend a debtor's exclusive periods to file a plan and solicit acceptances thereto is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case. See, e.g., First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.), 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003); In re AMKO Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest ..., we hold that debtor has shown cause for the extension.").

14. To determine whether cause exists for an extension of a debtor's exclusive periods to file a plan and solicit acceptances thereto, courts have relied on a variety of factors, including the following: (1) the size and complexity of the case; (2) the necessity of sufficient

4

time to negotiate and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiating with creditors; (7) the length of time the case has been pending; (8) whether the debtor is seeking the extension to pressure creditors; and (9) whether unresolved contingencies exist. See, e.g., In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Texaco, 76 B.R. at 326. Each factor by itself may provide sufficient cause for extending a debtor's exclusive periods. See In the Matter of Federated Dep't Stores and Allied Stores Corp., 1990 Bankr. Lexis 711, at *6 (Bankr. S.D. Ohio Apr. 13, 1990). Moreover, no one factor is dispositive, and the Court is not restricted to counting factors. In re Dow Corning, 208 B.R. at 669-70.

15. As set forth in more detail below, the Debtors submit that the requested extension of the Exclusive Periods is well warranted.

### A. The Debtors Have Made Substantial Progress in These Cases

16. The Debtors' efforts to date show that these cases have been well conducted and that the Debtors have made substantial progress. The following is a non-exclusive summary of certain of the Debtors' activities since the Petition Date.

**First Day Motions and Related Relief**

17. Initially, the Debtors' management focused on stabilizing the Debtors' businesses operations in a very difficult and uncertain economic environment and attending to the many time-consuming demands that accompany the commencement of chapter 11 cases, which included obtaining certain first day relief and responding to inquiries and demands from employees, vendors, taxing authorities, utilities, landlords, customers, and other parties in

5

interest. Throughout these cases, the Debtors have continuously consulted with and worked cooperatively with the Committee and with the Lenders on all major issues, and intend to continue to do so.

**Post-Petition Financing**

18. At the same time, the Debtors and their professionals devoted considerable time negotiating and obtaining Court approval of the Debtors' post-petition financing credit facility which, was critical to address the Debtors' liquidity issues and meet their working capital needs while operating their businesses until substantially all of the Debtors' assets could be sold.

**Sale of Assets**

19. Additionally, the Debtors and their professionals dedicated substantial time and effort seeking approval of and consummating the sale of substantially all their assets in order to maximize the value of their estates for the benefit of all parties in interest. After the Court's approval of the sale transaction, the Debtors spent considerable time and resources assisting the Buyers with transitioning the businesses, including evaluating and designating certain leases and contracts to assume.

20. The Debtors have also focused on the sale of certain other real property. The Debtors have obtained an order approving the sale of real property located in Norwood, Massachusetts, and continue to market their remaining real property in order to maximize the value of the estates. The Debtors have also continued to market non-residential real property owned by American Steel and Aluminum Corporation ("ASAC"), located in the County of Albany, New York. The Debtors anticipate, in the near future, seeking Court authorization to assume and amend the ASAC lease of non-residential real property and to allow the tenant under that lease to exercise a purchase option.

47658/0001-6846419v3

### Executory Contracts and Leases

21. As of the Petition Date, the Debtors were parties to numerous executory contracts, personal property leases and non-residential real property leases. The Debtors and their professionals have reviewed and analyzed certain non-residential real property leases and all such leases were rejected as of January 13, 2010. Similarly, the Debtors have analyzed numerous executory contracts and personal property leases and, as appropriate, have filed omnibus motions to reject certain executory contracts and personal property leases that are no longer of benefit to the estates. The Debtors intend to file additional omnibus motions to reject as necessary.

### Schedules and Statements of Financial Affairs; Bar Date

22. The Debtors have also attempted to quantify the amount of existing administrative, priority, and unsecured claims against the estates. In furtherance of these efforts, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs. The Debtors also obtained approval of a general, administrative and 503(b)(9) claims bar date in these bankruptcy cases of February 25, 2010 (the "Bar Date"). Approximately 280 claims were asserted against the Debtors. Since the Bar Date, the Debtors have communicated with counsel for the Lenders and Committee regarding claims reconciliation and the Debtors' professionals have commenced a review of the claims to determine the Debtors' potential liabilities. To date, the Debtors have filed two omnibus claims objections to certain 503(b)(9) Requests and related claims that were filed against the Debtors. These objections are scheduled to be heard by the Court on August 20, 2010.

23. Although the Debtors have made progress in the claims review process, they require additional time to review, analyze and reconcile the validity, amount, and priority of the remaining claims against the Debtors and to determine whether or not a liquidating plan is

7

appropriate and feasible. The Debtors have been consulting and coordinating with the Committee and the Lenders in evaluating the claims filed, and intend to continue doing so.

### Development of Wind-Down Strategy

24. The Debtors along with the Lenders and Committee continue to coordinate and communicate to develop and implement a wind-down strategy that will maximize the value of the estates for all parties in interest. The results of the Debtors' liquidation and claim resolution efforts will provide the Debtors with guidance as to whether or not the confirmation of a liquidating plan is appropriate and feasible.

25. The Debtors and their advisors, in consultation with the Committee and the Lenders and their respective advisors, have undertaken substantial efforts to administer these cases as efficiently as possible to minimize administrative expenses and maximize the recovery available to the Debtors' creditors. There can be no doubt that the Debtors have acted diligently in the initial nine months of these cases. The Debtors submit that their progress to date and the nature and extent of activity contemplated for the next couple of months (including evaluating the prospects of, and if appropriate, developing and prosecuting a liquidating plan), provides ample cause to extend the Exclusive Periods. Given the Debtors' substantial efforts since the Petition Date, the Debtors believe that they should be granted additional time to analyze the appropriateness and feasibility of, and, if appropriate, develop a plan without the distraction, and potential adverse effect, of competing plans filed by other parties in interest. *In re Public Serv.*, 88 B.R. at 536-37 (delay is justified when attempting to realize the maximum value of the debtors' estates).

8

47658/0001-6846419v3

## B. The Extension Sought Will Advance the Debtors' Cases and Will Not Harm Any Party

26. This Motion is the Debtors' third request for an extension of their Exclusive Periods.[6] To terminate the Exclusive Periods at this point could alter the primary focus of these cases away from analyzing the appropriateness and feasibility of a consensual liquidating plan, and, thus, would be antithetical to the purpose of chapter 11. Given the issues that must be resolved before a potential plan can be formulated and negotiated, the Debtors believe that continued exclusivity is warranted.

27. Importantly, the Debtors are not seeking an extension of the Exclusive Periods to unduly pressure any of their creditors. To the contrary, as noted above the Debtors have continuously consulted with and worked cooperatively with the Committee and the Lenders on all major issues in these cases and will continue to do so. The extension requested herein will facilitate the Debtors' efforts by providing the Debtors with a full and fair opportunity to assess the appropriateness and feasibility of a plan, and, assuming a plan is appropriate and feasible, negotiate, formulate, and seek acceptances of a plan that provides for an equitable distribution of the Debtors' assets to the holders of valid claims against the Debtors' estates.

28. In sum, the Debtors submit that the extension requested herein is consistent with the purpose of chapter 11, will increase the likelihood of a greater distribution to creditors than would be possible if the Exclusive Periods are not extended, and will not prejudice or pressure any party in interest. Accordingly, the Debtors believe that the requested extension is warranted and appropriate under the circumstances.

---

[6] The Debtor's requested extension of the Exclusive Periods does not exceed the 18 month limitation for the Exclusive Filing Period or the 20 month limitation for the Exclusive Solicitation Period set forth in section 1121(d)(2) of the Bankruptcy Code. If the requested extension is granted, the Debtor's Exclusive Filing Period will have only lasted approximately 10 months and the Exclusive Solicitation Period will have only lasted approximately 14 months.

### C. The Debtors' Cases Are Complex

29. The complexity of the Debtors' chapter 11 cases also constitutes cause to extend the Exclusive Periods. See Express One, 194 B.R. at 100 ("The traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization."). These cases consist of eight debtors and a Canadian affiliate that, as noted above, has filed a Candian Proceeding. During the initial months of these cases, the Debtors faced numerous complex issues, including issues related to the sale of substantially all of the Debtors' assets in the United States and in Canada.

### D. The Debtors are Paying Debts as they Become Due

30. Courts considering whether to extend a debtor's exclusivity periods may also assess whether the debtor is paying its debts when they come due. See In re McLean Indus., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Here, the Debtors are paying their undisputed postpetition obligations as they come due and continue to preserve the value of their assets for the benefit of their creditors.

31. For the reasons discussed above, at this stage of these chapter 11 cases the Debtors have not had a sufficient opportunity to fully review claims filed against the Debtors' estates and to analyze, and, if appropriate and feasible, develop and negotiate a liquidating plan and disclosure statement, although that review is well under way. Accordingly, the Debtors request that the Court extend the Exclusive Periods as set forth above, which will prohibit any party, other than the Debtors, from filing a competing plan and/or soliciting acceptances of any such competing plan during the extended Exclusive Periods. The Debtors believe that the request will provide the Debtors and their advisors the opportunity to analyze the claims against the Debtors' estate and, if appropriate and feasible, formulate an appropriate liquidating plan that maximizes the return to all parties in interest.

32. Prior to filing this Motion, Debtors' counsel consulted counsel for the Lenders and the Committee regarding the requested extension. Counsel for the Lenders consents to the relief requested herein. As of the filing of the Motion, the Committee has not taken a position with respect to the relief sought.

### **Notice**

33. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the agent for the Debtors' prepetition and postpetition Lenders; (iv) counsel to Barzel Industries Canada, Inc. and (v) all parties on the 2002 Service List. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

47658/0001-6846419v3

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of <u>Exhibit A</u>: (i) extending the Exclusive Filing Period through and including October 11, 2010; (ii) extending the Exclusive Solicitation Period through and including December 8, 2010; and (iii) granting such other and further relief as is just and appropriate.

Dated: July 9, 2010

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Karen M. Grivner
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Karen M. Grivner (No. 4372)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131
(302) 652-3117 (fax)

-and-

Gerald H. Gline, Esquire
25 Main Street
Hackensack, NJ 07602-0800
(201) 489-3000
(201) 489-1536

Counsel for Debtors and
Debtors in Possession