IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Barzel Industries Inc., <u>et al.</u>, | : Case No. 09-13204 (CSS) |
| | : |
| Debtors.[1] | : (Jointly Administered) |
| | : |
| | : Related to Docket No. 625 |

### ORDER GRANTING DEBTORS' MOTION FOR ORDER (I) APPROVING AGREEMENT OF PURCHASE AND SALE BETWEEN AMERICAN STEEL AND ALUMINUM CORPORATION AND ROBERT F. JUDGE AND TONI L. JUDGE, (II) AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY LOCATED AT 425 HOMESTEAD AVENUE, HARTFORD, CONNECTICUT, FREE AND CLEAR OF LIENS AND OTHER INTERESTS, PURSUANT TO SECTIONS 363(B), (F) AND (M) OF THE BANKRUPTCY CODE, AND (III) GRANTING RELATED RELIEF

Upon the Motion (the "<u>Motion</u>") of Barzel Industries, Inc. ("<u>BII</u>") and its U.S.-affiliated debtors and debtors-in-possession in the above-captioned bankruptcy cases (collectively, the "<u>Debtors</u>"), for entry of an order, pursuant to sections 363(b), (f) and (m) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), (i) approving the Agreement of Purchase and Sale between American Steel and Aluminum Corporation, Seller, and Robert F. Judge and Toni L. Judge, Purchaser (the "<u>Agreement</u>"), (ii) authorizing and approving the sale of real property located at 425 Homestead Avenue, Hartford, Connecticut (the "<u>Property</u>"), free and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Barzel Industries Inc. (0836), Barzel Holdings Inc. (1107), Barzel Finco Inc. (1010), Barzel Industries U.S. Inc. (6382), American Steel and Aluminum Corporation (2435), Nova Tube and Steel, Inc. (1790), Novamerican Tube Holdings, Inc. (3740) and Nova Tube Indiana, LLC (8275).

47658/0001-7039701v4

clear of liens, encumbrances, and other interests, pursuant to the Agreement and Sections 363(b), (f) and (m) of the Bankruptcy Code (the "Sale"), and (iii) granting related relief; and upon consideration of the Motion and all pleadings related thereto; and due and proper notice of this Motion having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interest of the Debtors and their estates, and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is granted in its entirety.

2. The Agreement is approved in all respects.

3. The sale of the Property to Robert F. Judge and Toni L. Judge (the "Purchasers"), free and clear of all liens, claims, and other interests, on the terms and conditions set forth in the Agreement and this Order, is approved pursuant to Sections 363(b) and (f) of the Bankruptcy Code.

4. The Debtors are authorized and directed to execute, assume, assign, and deliver all contracts, agreements, assignments, conveyances, or other documents and to take such other action that may be necessary to fulfill the terms and provisions of the Agreement.

5. Pursuant to Section 363(f) of the Bankruptcy Code, the Sale shall be free and clear of all liens, claims, encumbrances, and interests of any kind and nature, whether arising before or after the commencement of these cases, and whether imposed by agreement,

47658/0001-7039701v4

understanding, law, equity, or otherwise, with any valid liens or security interests to attach to the sale proceeds in the same order of priority, validity, force, and effect as existed before the Sale.

6. The Debtors and the Purchasers are authorized and directed to pay all proceeds of the Sale directly to the Noteholders (as defined in the Motion) or the Noteholders' designee at the closing of the Sale.

7. The Debtors are authorized to pay the amounts necessary to satisfy all pre-petition personal property tax liens on personal property installed at the Property, from estate funds.

8. Upon closing and receipt of the sale proceeds in accordance with this Order, the Debtors are authorized to execute and file such statements, instruments, releases, and other documents as may be necessary to discharge, release and remove all liens with respect to the Property. Notwithstanding anything to the contrary contained herein or in the Agreement, any such filings shall not affect the attachment of such liens to the proceeds of the Sale, which shall be automatic at closing.

9. Nothing in this Order or the Agreement releases, nullifies, or enjoins the enforcement of any liability of the Purchasers to a governmental unit under police and regulatory statues or regulations that the Purchasers would be subject to as the owners or operators of the Property after the date of entry of this Order. Nothing in this Order or the Agreement authorizes the transfer or assignment to the Purchasers of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without the Purchasers complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments, other than as permitted by law.

10. The Purchasers are hereby deemed to be "good-faith purchasers" entitled to the protections afforded under 11 U.S.C. § 363(m).

47658/0001-7039701v4

11. The provisions of Bankruptcy Rule 6004(h) are hereby waived.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 11/24, 2010
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

47658/0001-7039701v4