# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BARZEL INDUSTRIES INC., et al.,[1] | Case No. 09-13204 (CSS) |
| Debtors. | Jointly Administered |
| | **Hearing Date: September 8, 2011 at 1:00 p.m. (ET)** |

## ORDER CONFIRMING DEBTORS'
## AMENDED JOINT PLAN OF LIQUIDATION

Barzel Industries Inc., Barzel Holdings Inc., Barzel Finco Inc., Barzel Industries U.S.

Inc., American Steel and Aluminum Corporation, Nova Tube and Steel, Inc., Novamerican Tube

Holdings, Inc. and Nova Tube Indiana, LLC (collectively, the "Debtors")[2], each having filed a

voluntary petition for relief on September 15, 2009 (the "Petition Date") under the provisions of

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and the Debtors'

having filed the *Debtors' Joint Plan of Liquidation, Dated July 25, 2011* [Docket Nos. 835, 845,

910, 927] as amended, including by the amendments set forth in the Notice of Amendments to

the Debtors' Joint Plan of Liquidation filed on August 26, 2011 [Docket No. 951] and the

Notice of Amendment to the Debtors' Joint Plan of Liquidation filed on September 2, 2011

[Docket No. 961] (the "Plan")[3] and the *Debtors' First Amended Disclosure Statement* (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Barzel Industries Inc. (0836), Barzel Holdings Inc. (1107), Barzel Finco Inc. (1010), Barzel Industries U.S. Inc. (6382), American Steel and Aluminum Corporation (2435), Nova Tube and Steel, Inc. (1790), Novamerican Tube Holdings, Inc. (3740) and Nova Tube Indiana, LLC (8275).

[2] Unless otherwise specified herein, capitalized terms and phrases used herein shall have the meanings given to them in the Plan. Any term used in the Plan or herein that is not defined in the Plan, but that is used in the Bankruptcy Code or the Bankruptcy Rules, has the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

[3] A copy of the Plan is attached hereto as Exhibit A.

"Disclosure Statement") [Docket Nos. 835, 845 and 927] in support thereof; and this Court

having entered an order on July 26, 2011 (the "Solicitation Procedures Order") [Docket No.

921] by which this Court, among other things, approved the Disclosure Statement, established

procedures for the solicitation and tabulation of votes to accept or reject the Plan and scheduled

a hearing pursuant to sections 1128 and 1129 of the Bankruptcy Code and Bankruptcy Rule

3017(c) to consider confirmation of the Plan (the "Confirmation Hearing"); and the affidavits of

service of solicitation packages and notices ("Affidavit of Service") [Docket No. 936] having

been filed with the Court; and due notice of the Confirmation Hearing having been given to

holders of Claims against and Interests in the Debtors and to other parties in interest, all in

accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") and the Solicitation Procedures Order, and the Notice of Hearing

to Consider Confirmation of, and Deadline for Objecting to, Debtors' Joint Plan of Liquidation

having been published in the national edition of the *New York Times* on August 1, 2011 [Docket

No. 929]; and it appearing that no other or further notice need be given; and the *Declaration of*

*Kathleen M. Logan and Etty M. Pollack Certifying Voting on, and Tabulation of, Ballots*

*Accepting and Rejecting Debtors' Joint Plan of Liquidation* (the "Voting Certification") having

been filed on September 2, 2011 [Docket No. 962], pursuant to which the claims, noticing, and

ballot tabulating agent ("Logan") declared that no votes were cast by holders of Claims in Class

I (Miscellaneous Secured Creditors); two (2) votes out of two (2) total votes in Class II

(Prepetition Noteholders Secured Claims) voted to accept the Plan; and eighty-eight (88) votes

out of ninety-two (92) total votes in Class IV (Allowed General Unsecured Claims) voted to

accept the Plan; and no objections to confirmation having been filed, and based on the

2

proceedings in this case, the Plan, the Affidavit of Service, the Voting Certification, the Declaration of G. Wayne Day, the Chief Restructuring Officer ("Day Declaration") [Docket No. 968] and all the other papers filed in support of, or against, the Plan; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND THAT:**

1.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

2.     To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

3.     Venue in this Court was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during these chapter 11 cases (the "Chapter 11 Cases"). Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Court has exclusive original jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

**A.     Eligibility for Relief.**

4.     The Debtors were and are entities eligible for relief under Bankruptcy Code section 109.

**B.     Commencement and Joint Administration of the Chapter 11 Cases.**

5.     On the Petition Date, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Cases.

3

**C.     Judicial Notice.**

6.     This Court takes judicial notice of the docket of the Chapter 11 Cases and all related adversary proceedings maintained by the Clerk and/or its duly appointed agent, including without limitation, all pleadings and other documents filed, all proceedings held during the Chapter 11 Cases, and all orders entered during the pendency of the Chapter 11 Cases.

**D.     Notice.**

7.     The Disclosure Statement, the Plan, the Ballots, and notice of the Confirmation Hearing (the "Confirmation Notice") were transmitted and served in compliance with the Bankruptcy Rules, the Local Rules and the Solicitation Procedures Order. The transmittal and service of the Plan materials were adequate and sufficient under the circumstances of the Chapter 11 Cases. All parties required to be given notice of the Confirmation Hearing (including notice of the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Bankruptcy Rules, the Local Rules, and the Solicitation Procedures Order, and have had an ample opportunity to appear and be heard with respect thereto. No other or further notice is required.

**E.     Solicitation.**

8.     Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Solicitation Procedures Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations. Specifically, the solicitation materials approved by the Bankruptcy Court in the Solicitation Procedures Order including the Confirmation Hearing Notice, the Disclosure Statement, the Plan, an appropriate Ballot, and a pre-addressed return envelope (the "Solicitation Package") were transmitted to and served on those holders as of the Voting Record Date of claims in Classes I, II and IV who are

4

entitled to vote on the Plan. Holders of claims asserted in a proof of claim to which an objection to the entirety of the claim was pending as of the Voting Record Date (collectively, the "Disputed Claimants") received a Notice of Disputed Claim Status, the Disclosure Statement, and the Plan (the "Disputed Claimant Package"). Holders of Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims in Class III and, to the extent they were not receiving a Solicitation Package or other notice approved by the Solicitation Procedures Order, to holders of paid claims and parties to executory contracts (collectively, the "Unimpaired Holders") received a Notice of Non-Voting Status as defined in the Solicitation Procedures Order in lieu of a Solicitation Package (the "Unimpaired Holders Package"). Holders of claims or interests in Classes V (Intercompany Claims, Insider Claims and Claims of the Canadian Entities) and VI (Equity Interests) are deemed to have rejected the plan (collectively, the "Deemed Rejecting Holders") and received a Notice of Deemed Rejecting Status (the "Deemed Rejecting Holders Package"). The U.S. Trustee, counsel to the Creditors' Committee, and the 2002 service list maintained in these Chapter 11 Cases (the "2002 Service List") for informational purposes in compliance with Bankruptcy Code section 1125, received a Solicitation Package, and a copy of all the ballots and notices approved by the Court (collectively, the "Information Package" and with the Solicitation Package, the Disputed Claimant Package, the Unimpaired Holders Package, and the Deemed Rejecting Holders Package, the "Solicitation Materials"). Such transmittal and service were adequate and sufficient, and no further notice is or shall be required. All procedures used to distribute Solicitation Materials to holders of Claims and Interests were fair, and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Solicitation Procedures Order, and all other applicable rules, laws, and regulations.

5

**F.    Voting Certification.**

9.       Prior to the Confirmation Hearing, the Debtors filed the Voting Certification.  All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations.

10.      As evidenced by the Voting Certification, holders of claims in Classes II (Prepetition Noteholders Secured Claims) and IV (General Unsecured Claims) voted to accept the Plan.  Holders of claims in Class I (Miscellaneous Secured Claims) are deemed to have accepted the Plan by virtue of the fact that no votes were cast, as provided by the Solicitation Procedures Order.  Holders of claims in Class III (Priority Non-Tax Claims) are Unimpaired and deemed to have accepted the Plan, and therefore, are not entitled to vote to accept or reject the Plan.  Holders of claims and interests in Class V (Intercompany Claims, Insider Claims and Claims of Canadian Entities) and Class VI (Equity Interests) are impaired and deemed to have rejected the Plan.

**G.    Bankruptcy Rule 3016.**

11.      The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Clerk of the Bankruptcy Court satisfied Bankruptcy Rule 3016(b).

**H.    Compliance with the Requirements of Bankruptcy Code Section 1129.**

12.      The Plan complies with all applicable provisions of Bankruptcy Code section 1129 as follows:

6

(a)      **Section 1129(a)(1)—Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.**

13.      The Plan complies with all applicable provisions of the Bankruptcy Code as required by Bankruptcy Code section 1129(a)(1), including Bankruptcy Code sections 1122 and 1123.

          i.      **Section 1122 and 1123(a)(1)—Proper Classification.**

14.      The classification of Claims and Interests under the Plan is proper under the Bankruptcy Code. Pursuant to Bankruptcy Code sections 1122(a) and 1123(a)(1), Article III of the Plan provides for the separate classification of Claims and Interests into six Classes, based on differences in the legal nature or priority of such Claims and Interests. Administrative Expense Claims and Priority Tax Claims, which are also addressed in Article III of the Plan, are not required to be designated as separate Classes pursuant to Bankruptcy Code section 1123(a)(1). Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Interests created under the Plan, the classifications were not designed for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Interests.

15.      As a result of the foregoing, the requirements of Bankruptcy Code sections 1122(a), 1122(b), and 1123(a)(1) have been satisfied.

          ii.      **Section 1123(a)(2)—Specification of Unimpaired Classes.**

16.      Article III of the Plan specifies that Claims in Class III (Priority Non-Tax Claims) are Unimpaired under the Plan. As a result thereof, the requirements of Bankruptcy Code section 1123(a)(2) have been satisfied.

47658/0001-7865548v4

### iii. Section 1123(a)(3)—Specification of Treatment of Impaired Classes.

17. Article III of the Plan specifies the treatment of each Class of Claims and Interests that are Impaired under the Plan. As a result thereof, the requirements of Bankruptcy Code section 1123(a)(3) have been satisfied.

### iv. Section 1123(a)(4)—No Discrimination.

18. Pursuant to Bankruptcy Code section 1123(a)(4), Article III of the Plan uniformly provides for the same treatment of each Claim or Interest in a particular Class, as the case may be, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest. As a result thereof, the requirements of Bankruptcy Code section 1123(a)(4) have been satisfied.

### v. Section 1123(a)(5)—Implementation of the Plan.

19. Pursuant to Bankruptcy Code section 1123(a)(5), Article II and various other provisions of the Plan specifically provide in detail adequate and proper means for the Plan's implementation, including: (a) the designation and the appointment of the Disbursing Agents; (b) the transfers, on the Effective Date, of (i) the Barzel Unsecured Claims Cash to the Barzel Unsecured Claims Disbursing Agent and (ii) all of the Debtors' other Assets to the Barzel Disbursing Agent; (c) the delivery of distributions to Record Holders of Allowed Claims; (d) procedures for treating and resolving Disputed Claims; (e) the dissolution of the Debtors; (f) substantive consolidation; (g) terms of injunctions or stays and terms of releases and exculpation; and (h) abandonment of Avoidance Actions. Moreover, the Debtors will have, immediately upon the Effective Date, sufficient Cash to make all payments required to be made on the Effective Date pursuant to the terms of the Plan. As a result thereof, the requirements of Bankruptcy Code section 1123(a)(5) have been satisfied.

47658/0001-7865548v4

### vi. Section 1123(a)(6)—Voting Power of Equity Securities.

20. Section 1123(a)(6) of the Bankruptcy Code requires that a plan provide for the inclusion in a corporate debtor's charter provisions prohibiting the issuance of nonvoting equity securities, and providing for an "appropriate distribution" of voting power among those securities possessing voting power. In these liquidating cases, the requirements of section 1123(a)(6) do not apply.

### vii. Section 1123(a)(7)—Selection of Officers and Directors.

21. Article 2.2.2 of the Plan provides that, as of the Effective Date, all of the directors and officers of the Debtors shall be deemed to have resigned, and shall be fully discharged from their responsibilities and duties as officers and directors of the Debtors. The Plan's provisions for the selection and appointment of the Barzel Unsecured Claims Disbursing Agent and the Barzel Disbursing Agent are consistent with the interests of creditors and equity security holders and with public policy. Section 1123(a)(7) of the Bankruptcy Code is satisfied.

### viii. Section 1123(b)—Discretionary Contents of the Plan.

22. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) distributions to holders of Claims; (ii) the retention of, and right to enforce, settle, or compromise (or refuse to do any of the foregoing with respect to) certain claims or causes of action against third parties (iii) resolution of Disputed Claims; (iv) allowance of certain Claims; (v) substantive consolidation of the assets of the claims against multiple debtors for the purposes of the Chapter 11 Cases and Plan; and (vi) releases by the Debtors and exculpations and limitations of liability.

9

**(b)** **Section 1129(a)(2)—Compliance of the Debtors With the Applicable Provisions of the Bankruptcy Code.**

23. The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code as required by Bankruptcy Code section 1129(a)(2), including Bankruptcy Code sections 1123, 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019.

24. The Debtors and their respective present and former members, officers, directors, employees, advisors, attorneys, and agents did not solicit the acceptance or rejection of the Plan by any holders of Claims or Interests prior to the approval and transmission of the Disclosure Statement. Votes to accept or reject the Plan were only solicited by the Debtors and their agents after disclosure to holders of Claims or Interests of adequate information as defined in Bankruptcy Code section 1125(a).

25. The Debtors and their respective representatives, officers, directors, employees, advisors, attorneys, and agents have solicited and tabulated votes on the Plan and have participated in the activities described in Bankruptcy Code section 1125 fairly, in good faith within the meaning of Bankruptcy Code section 1125(e), and in a manner consistent with the applicable provisions of the Solicitation Procedures Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations, and are entitled to the protections afforded by Bankruptcy Code section 1125(e).

26. The Debtors and their respective officers, directors, employees, advisors, attorneys, and agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the

10

solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

    (c)    **Section 1129(a)(3)—Proposal of Plan in Good Faith.**

27.    The Debtors have proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The Debtors' good faith is evident from the facts and records of the Chapter 11 Cases, the Disclosure Statement and the hearing thereon, and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Cases. The Debtors and their respective officers, directors, employees, advisors, attorneys, and agents have acted in good faith in connection with the proposal of the Plan, and thus section 1129(a)(3) is satisfied.

    (d)    **Section 1129(a)(4)—Bankruptcy Court Approval of Certain Payments as Reasonable.**

28.    The procedures set forth in the Plan for the Bankruptcy Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of and are in compliance with Bankruptcy Code section 1129(a)(4).

    (e)    **Section 1129(a)(5)—Directors, Officers and Insiders.**

29.    The Debtors have complied with the requirements of Bankruptcy Code section 1129(a)(5) because the Debtors have disclosed that Day Seckler, LLP has been designated as the Barzel Unsecured Claims Disbursing Agent and the Barzel Disbursing Agent. Accordingly, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

11

**(f)     Section 1129(a)(6)—No Rate Changes.**

30.     Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Debtors' business will cease and will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission.

**(g)     Section 1129(a)(7)—Best Interests of Holders of Claims and Interests.**

31.     The Barzel best interest of creditors analysis attached to the Disclosure Statement as Exhibit B (the "Best Interest Analysis") and the other evidence related thereto that was proffered or adduced at or prior to, or in affidavits or declarations in connection with, the Confirmation Hearing: (a) are reasonable, persuasive, and credible; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that, with respect to each Impaired Class, each holder of an Allowed Claim or Interest in such Class has voted to accept the Plan or will receive under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.  Thus, the Plan satisfies the "best interests of creditors test" set forth in Bankruptcy Code section 1129(a)(7).

**(h)     Section 1129(a)(8)—Acceptance or Rejection by Certain Classes.**

32.     Holders of Claims in Class III are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Holders of Claims in Class I are deemed to have accepted the Plan pursuant to the Solicitation Procedures Order.  Holders of Claims in Classes II and IV have voted to accept the Plan.  The Holders of Claims in Class V and the Holders of Interests in Class VI are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  The Plan, therefore, does not satisfy section 1129(a)(8) of the Bankruptcy Code.  Notwithstanding the lack of compliance with section 1129(a)(8) of the Bankruptcy Code

12

with respect to Classes V and VI the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code as set forth below.

(i) **Section 1129(a)(9)—Treatment of Claims Entitled to Priority Pursuant to Bankruptcy Code Section 507(a).**

33. The treatment of Priority Tax Claims and Allowed Priority Non-Tax Claims under Article III of the Plan satisfies the requirements of and complies in all respects with Bankruptcy Code section 1129(a)(9).

(j) **Section 1129(a)(10)—Acceptance By At Least One Impaired Class.**

34. As set forth in the Voting Certification, Classes I, II and IV are Impaired and have accepted the Plan. As such, there is at least one Class of Claims that is Impaired under the Plan and has accepted the Plan, determined without including any acceptance of the Plan by any insider, thus satisfying Bankruptcy Code section 1129(a)(10) in all respects.

(k) **Section 1129(a)(11)—Feasibility of the Plan.**

35. Section 1129(a)(11) of the Bankruptcy Code is satisfied because confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor, other than the liquidation contemplated by the Plan.

(l) **Section 1129(a)(12)—Payment of Statutory Fees.**

36. Section 1129(a)(12) of the Bankruptcy Code is satisfied because all fees payable pursuant to 28 U.S.C. § 1930 have been paid or, pursuant to Article 6.12 of the Plan, will be paid on the Effective Date of the Plan, or as soon thereafter as practicable.

(m) **Section 1129(a)(13)—Retiree Benefits.**

37. Section 1129(a)(13) of the Bankruptcy Code requires a plan to provide for retiree benefits at levels established pursuant to section 1114 of the Bankruptcy Code. The Debtors do not have any obligations on account of retiree benefits (as such term is used in section 1114 of

13

the Bankruptcy Code) and, therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

      **(n)    Sections 1129(a)(14), (15) and (16) – Domestic Support Obligations; Unsecured Claims Against Individual Debtors; Transfers by Nonprofit Organizations**

38.    None of the Debtors have domestic support obligations, are individuals or are nonprofit organizations. Therefore, subsections 1129(a)(14), (15) and (16) of the Bankruptcy Code do not apply to these Chapter 11 Cases.

      **(o)    Section 1129(b)—No Unfair Discrimination, Fair and Equitable.**

39.    The Plan may be confirmed notwithstanding the fact that Classes V and VI are impaired under the Plan and are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Plan complies with section 1129(b) by satisfying the requirements of section 1129(b)(1) and 1129(b)(2) of the Bankruptcy Code.

      **(p)    Section 1129(c)—Only One Plan.**

40.    Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of Bankruptcy Code section 1129(c) have been satisfied.

      **(q)    Section 1129(d)—Principal Purpose of the Plan Is Not Avoidance of Taxes.**

41.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

**I.    Satisfaction of Confirmation Requirements.**

42.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

**J.     Retention of Jurisdiction.**

43.     This Court may retain jurisdiction over the matters set forth in Article 6.4 of the Plan.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

**A.     Confirmation of the Plan.**

44.     The Plan and all related documents [Docket Nos. 835, 845, 910, 911, 921, 926, 927, 929, 936, 951, 961, 962], is CONFIRMED in each and every respect, pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan are incorporated by reference into, and are a part of, this Confirmation Order. The terms of the Plan and all other relevant and necessary documents, shall be effective and binding as of the Effective Date of the Plan.

**B.     Plan Classification Controlling.**

45.     The terms of the Plan shall exclusively govern the classification of Claims and Interests for purposes of the distributions to be made thereunder. The classifications set forth in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditor as representing the actual classification of such Claims under the Plan for distribution purposes, and (d) shall not bind the Debtors and the Disbursing Agents.

**C.     Immediate Effectiveness of Confirmation, Successor, and Assigns.**

46.     Subject to the terms of the Plan, and notwithstanding Bankruptcy Rules 3020(e), 6004(g), 7062, 8001, 8002 or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Plan and the Confirmation Order shall be, and hereby are, immediately effective

47658/0001-7865548v4

and enforceable and deemed binding upon (a) the Debtors; (b) any and all holders of Claims against or Interests in the Debtors (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the holders of such Claims or Interests accepted, were deemed to have accepted, rejected or were deemed to have rejected the Plan); (c) any other party in interest and (d) any and all Persons who are subject to the settlements, compromises, releases, waivers, discharges, and injunctions described in the Plan or herein and their respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, of any of the foregoing.

**D.      Appointment of Disbursing Agents.**

47.     The Appointment of Day Seckler, LLP as Barzel Unsecured Claims Disbursing Agent and Day Seckler LLP as Barzel Disbursing Agent is approved.

48.     From and after the Effective Date, the Barzel Disbursing Agent shall be deemed to be the judicial substitute for each of the Debtors as the party in interest in these Chapter 11 Cases, under the Plan or in any judicial or administrative proceedings or appeals to which the Debtor is a party, consistent with Section 1123(b)(3)(B) of the Bankruptcy Code and Section 303 of the Delaware General Corporation Law, and is appointed as the representative of the Estates for all purposes (other than with respect to the Barzel Unsecured Claims Cash and allowance or disallowance of General Unsecured Claims (other than the Deficiency Claims)), including for the retention and enforcement of all claims and rights, known and unknown, which arose prior to the Confirmation Date, including the net operating loss tax refund. The Barzel Disbursing Agent shall act for the Debtors and their respective estates in a fiduciary capacity as applicable to a board of directors.

49.     The Barzel Unsecured Claims Disbursing Agent shall be deemed to be the judicial substitute for each of the Debtors as the party in interest in these Chapter 11 Cases, under the

16

Plan or in any judicial, administrative proceeding or appeal to which the Debtor is a party, consistent with Section 1123(b)(3)(B) of the Bankruptcy Code and Section 303 of the Delaware General Corporation Law, and is appointed as the representative of the Estate for purposes of holding and distributing the Barzel Unsecured Claims Cash and reconciling and seeking allowance or disallowance of the claims of Holders of General Unsecured Claims (other than the Deficiency Claims). The Barzel Unsecured Claims Disbursing Agent shall act as a fiduciary to the Holders of Allowed General Unsecured Claims in distributing the Barzel Unsecured Claims Cash.

**E.      Procedures for Treating and Resolving Disputed Claims.**

50.      No payments or Distributions will be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by a Final Order, and the Disputed Claim has become an Allowed Claim. Except as otherwise provided in the Plan, all objections to timely-filed Claims must be filed by the Disbursing Agents on or before the Claims Objection Deadline. The Claims Objection Deadline may be extended by the Bankruptcy Court for cause shown. The filing of a motion to extend the Claims Objection Deadline shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion. In the event that such motion is denied, the Claims Objection Deadline shall be the later of the current Claims Objection Deadline (as previously extended, if applicable) or thirty (30) days after the Bankruptcy Court's entry of an order denying the motion to extend the Claims Objection Deadline.

**F.      Records.**

51.      Pursuant to section 554 of the Bankruptcy Code, the Barzel Disbursing Agent shall be authorized to abandon all originals and/or copies of documents and business records

17

upon order of the Bankruptcy Court obtained on motion on fourteen (14) days notice, in accordance with Local Rule 9006-1(c).

**G.      Effectuating Documents.**

52.      The officer(s) and director(s) of each Debtor shall be authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such other actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan without the need for further order of the Court.

**H.      Execution of Documents.**

53.      The Debtors (or the Disbursing Agents (consistent with their respective duties) on behalf of the Debtors) may execute any and all documents and instruments necessary to effectuate and implement the Plan without the need for further order of the Court.

**I.      Dissolution of the Debtors.**

54.      On the Effective Date or as soon thereafter as is reasonably practicable, the Barzel Disbursing Agent shall be authorized to take all actions necessary to effect the dissolution of any of the Debtors as corporate entities and any subsidiary of the Debtors, without the need for any further action or approval.

**J.      Terms of Injunctions or Stays.**

55.      Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the close of the Chapter 11 Cases.

**K.      Preservation of Causes of Action.**

56.      Any and all Causes of Action accruing to the Debtors and Debtors in Possession, including but not limited to Avoidance Actions to the extent provided for in the Plan and

18

prosecution of the net operating loss tax refund claim shall be preserved for, transferred to, and retained by the Barzel Disbursing Agent, who shall have the exclusive right to continue or commence prosecution and enforcement of any such Causes of Action post-Confirmation, and the entry of this Order shall not serve as a bar to such prosecution and enforcement actions pursuant to *res judicata*, claim preclusion, or other such doctrines.

### L. The Exculpation Provisions Under the Plan.

57. The releases, injunctions, exculpations, and related provisions set forth in Articles 2.12, 6.14 and 6.15 of the Plan are hereby approved and authorized in their entirety. Nothing in the Plan or Confirmation Order shall discharge, release or preclude (i) any environmental liability to a governmental unit, as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a claim, as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any environmental Claim of a Governmental Unit that first arises on or after the Confirmation Date; (iii) any environmental liability to a Governmental Unit on the part of any entity as the owner or operator of real property after the Confirmation Date; or (iv) any environmental liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in the Plan or Confirmation Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.

### M. Professional Fee Claim Bar Date.

58. Any and all applications for the final allowance of Professional Fee Claims shall be filed with the Court and served upon counsel to the Debtors, counsel to the Creditors' Committee, the United States Trustee, and all Persons on the Debtors' Bankruptcy Rule 2002 Service List on or before the Professional Fee Claim Bar Date.

19

**N.  Final Fee Hearing**

59.     A hearing on final allowance of Professional Fee Claims (the "Final Fee Hearing") shall be held as soon as practicable after the Professional Fee Claim Bar Date.  The Debtors' counsel shall file a notice of the Final Fee Hearing.  Such notice shall be served upon counsel for the Creditors' Committee, all Professionals, the United States Trustee and all parties on the 2002 Service List.

**O.  Binding Effect of the Plan.**

60.     The provisions of the Plan shall be binding upon all parties and inure to the benefit of the Debtors' estates and their respective predecessors, successors, assigns, agents, officers and directors.  The terms of the Plan shall be enforceable against the Debtors, their Creditors and all parties in interest.

**P.  Special Provision Governing Claims.**

61.     Nothing under the Plan shall affect the Debtors' rights and defenses in respect of any Claim, including all rights in respect of legal and equitable defenses to or setoffs or recoupment against such Claims.

**Q.  Cancellation of Claims and Interests.**

62.     Except as otherwise set forth in the Plan, and except for purposes of evidencing a right to a Distribution, all agreements and other documents evidencing the Claims or rights of any Creditor against the Debtors, including all notes, guarantees, mortgages, and all Interests shall be cancelled on the Effective Date.

**R.  Retention of Jurisdiction.**

63.     Following the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters implicating the interpretation and/or implementation of the provisions of the Plan, including, but not limited to, Disputed Claims, Rejection Claims, Professional Fee Claims,

Distributions, and all disputes and litigation which may be pending on the Confirmation Date including but not limited to the motion to compel payment of the net operating loss tax refund pursuant to Section 505 of the Bankruptcy Code and any controversies which may arise thereafter which would affect the implementation of the Plan or the treatment of Creditors thereunder, until all such disputes and litigation shall be concluded and the Plan shall be fully consummated.

**S.    Amendments to the Plan**

64.    The Amendments to Articles 1.1.73 and 3.4 of the Debtors' Joint Plan of Liquidation set forth in the Notice of Amendments to the Debtors' Joint Plan of Liquidation filed on August 26, 2011[Docket No. 951], Exhibit 1, which change the reference to "JP Morgan Chase Bank N.A." as Prepetition Noteholder to "J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities, Inc.)" as identified in the Debtors' Schedules of Assets and Liabilities, complies with Section 1127 of the Bankruptcy Code and any Holder of a Claim or Interest that accepted or rejected the Plan is deemed to have accepted or rejected the Plan, as the case may be, with this amendment to the Plan. In all pleadings, notices, orders or other documents filed in the Chapter 11 Cases prior to the Confirmation Date that reference JPMorgan Chase Bank, N.A. as a holder of notes issued under the Indenture, such references shall be deemed to refer to J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities, Inc.) as a holder of notes issued under the Indenture. Any references in such pleadings, notices, orders or other documents filed in the Chapter 11 Cases to JPMorgan Chase Bank, N.A. in any other capacity shall remain unchanged.

65.    The Amendment to Article 2.13 set forth in the Second Notice of Amendment to the Debtors' Joint Plan of Liquidation, filed on September 2, 2011 [Docket No. 961], Exhibit 1, which removes references to "Causes of Action" in Article 2.13, complies with Section 1127 of the Bankruptcy Code and any holder of a claim or interest that accepted or rejected the Plan is

21

deemed to have accepted or rejected the Plan, as the case may be, with this amendment to the Plan.

**T.    Substantive Consolidation**

66.    For purposes of the Chapter 11 Cases and the Plan only, all assets of and claims against the Debtors will be deemed to be substantively consolidated as provided in Article 4.7 of the Plan.

**U.    References to Plan Provisions.**

67.    The failure specifically to include or to refer to any particular article, section, or provision of the Plan, Plan amendments, or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, provision, or amendment, it being the intent of the Bankruptcy Court that the Plan and any related documents be confirmed in their entirety.

**V.    Governing Law.**

68.    Except as mandated by the Bankruptcy Code or Bankruptcy Rules, as applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of Delaware.

**W.    Headings.**

69.    The headings of articles, paragraphs, and subparagraphs of the Plan are inserted for convenience only and shall not affect the interpretation of any provision of the Plan.

**X.    Plan Controls.**

70.    In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence. In the event of

47658/0001-7865548v4

any inconsistency between any provision of any of the foregoing documents, and any provision of the Confirmation Order, the Confirmation Order shall control and take precedence.

**Y.      Statutory Fees.**

71.      The Debtors shall pay all fees payable pursuant to 28 U.S.C. § 1930 which accrue prior to the Effective Date, and the Disbursing Agents shall pay all such fees which accrue on and after the Effective Date until entry of a final decree closing the Chapter 11 Cases.  In addition, the Disbursing Agents shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Confirmation Hearing in conformity with the U.S. Trustee guidelines, until entry of an order closing the Chapter 11 Cases.

**Z.      Dissolution of the Creditors' Committee.**

72.      On the Effective Date, the Creditors' Committee shall be dissolved and their members shall be deemed released of any continuing duties, responsibilities and obligations in connection with the Chapter 11 Cases or the Plan and its implementation, and the retention and employment of the Creditors' Committees' attorneys, accountants and other agents shall terminate, except with respect to: (i) the Final Fee Hearing or (ii) any appeals of the Confirmation Order through the date such appeals are finally decided, settled, withdrawn or otherwise resolved.

**AA.      Claims Agent.**

73.      Logan, in its capacity as claims, noticing and ballot tabulating agent, shall be relieved of such duties on the date of the entry of the Final Decree or upon written notice by the Debtors.

47658/0001-7865548v4

**BB.     Authorization to Consummate.**

74.     The Debtors are authorized to consummate the Plan at any time after the entry of the Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in Article V of the Plan.

**CC.     Modification of Plan.**

75.     After the Confirmation Date and prior to substantial consummation (as defined in section 1101(2) of the Bankruptcy Code) of the Plan, the Debtors, the Barzel Disbursing Agent and/or the Barzel Unsecured Claims Disbursing Agent, as the case may be, subject to the consent of the Secured Lenders (which consent shall not be reasonably withheld), under section 1127(b) of the Bankruptcy Code, may institute proceedings in the Bankruptcy Court to remedy any defect or omission or to reconcile any inconsistencies in the Plan, the Disclosure Statement approved with respect to the Plan, or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan; provided, however, that, to the extent required, prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or an order of the Bankruptcy Court. A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified, or clarified, if the proposed alteration, amendment, modification, or clarification does not materially and adversely change the treatment of the Claim of such Holder.

24

**DD. Final Confirmation Order.**

76. This Confirmation Order is a final order which shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062 or otherwise.

Dated: September 8, 2011

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

47658/0001-7865548v4