# EXHIBIT A

## DEBTORS' AMENDED JOINT PLAN OF LIQUIDATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09-13204 (CSS) |
| BARZEL INDUSTRIES INC., *et al.*,[1] | |
| Debtors. | Jointly Administered |

-------------------------------------------------------x

## DEBTORS' AMENDED JOINT PLAN OF LIQUIDATION
September 6, 2011

### Article I

### 1.1. <u>DEFINITIONS OF TERMS UTILIZED IN THE PLAN.</u>

Unless the context otherwise requires or a term is defined within the Plan itself, the following terms shall have the respective meanings set forth below, except as expressly provided otherwise.

1.1.1. **Administrative Claim:** Any cost or expense of administration of the Cases allowed by the Bankruptcy Court pursuant to section 503(b) of the Bankruptcy Code, including Professional Fee Claims.

1.1.2. **Affiliate:** As defined in section 101(2) of the Bankruptcy Code.

1.1.3. **Agents:** The Prepetition Agent and the Postpetition Agent, collectively.

1.1.4. **Allowed Claim:** Any Claim (i)(a) for which a proof of claim was timely Filed with the Bankruptcy Court by the applicable Bar Date; or (b) that is listed in the Schedules and not listed as disputed, contingent or unliquidated as to amount; and, in either case, as to which no objection to the allowance thereof has been Filed by the Claim Objection Deadline or (ii) which has otherwise been allowed by a Final Order or pursuant to this Plan. Unless otherwise specified in the Plan or in an Order of the Bankruptcy Court, an "Allowed Claim" shall not include: (i) untimely Filed Claims or requests for administrative expenses, (ii) interest on the principal amount of the Allowed Claim from and after the Petition Date, (iii) any punitive damages, and (iv) a claim listed in the Schedules that is superseded by a filed claim.

---

[1] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number, are: Barzel Industries Inc. (0836), Barzel Holdings Inc. (1107), Barzel Finco Inc. (1010), Barzel Industries U.S. Inc. (6382), American Steel and Aluminum Corporation (2435), Nova Tube and Steel, Inc. (1790), Novamerican Tube Holdings, Inc. (3740) and Nova Tube Indiana, LLC (8275).

1.1.5. **Allowed Class . . . Claim:** An Allowed Claim in the designated Class.

1.1.6. **Assets:** Any and all right, title, and interest of any of the Debtors in and to property of whatever type or nature.

1.1.7. **Avoidance Actions:** Any and all actions, proceedings, accounts, controversies, agreements, promises, claims, and rights of each Debtor and its estate to avoid or recover a transfer of property of any of the Debtors' estates or an interest of any of the Debtors in property, including, without limitation, actions arising under sections 506, 510, 541, 542, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code and any other applicable federal, state, or common law, including fraudulent transfers, whether or not litigation has been commenced with respect to such Causes of Action as of the Effective Date, except those Avoidance Actions previously waived by the Debtors pursuant to any Final Order or previously assigned to another entity.

1.1.8. **Balloting Agent:** Logan & Company, Inc., or such other entity determined by the Debtors in consultation with the Committee.

1.1.9. **Bankruptcy Code:** Title 11 of the United States Code, as in effect on the Petition Date and as thereafter amended, if such amendments are made applicable to the Cases.

1.1.10. **Bankruptcy Court:** The United States Bankruptcy Court for the District of Delaware, or in the event such court ceases to exercise jurisdiction over any Case, such court or adjunct thereof that exercises jurisdiction over such Case in lieu of the United States Bankruptcy Court for the District of Delaware.

1.1.11. **Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure pursuant to Title 28 of the United States Code, 28 U.S.C. section 2075, as they have been or may hereafter be amended.

1.1.12. **Bar Date I:** February 25, 2010, which was the date by which proofs of claim or requests for payment of all Claims that arose before the Petition Date, as well as certain Administrative Claims, were to be Filed pursuant to the Bar Date Order I.

1.1.13. **Bar Date II:** May 13, 2011, which was the date by which requests for payment of certain Administrative Claims were to be Filed pursuant to the Bar Date Order II.

1.1.14. **Bar Date Order I:** The Order entered by the Court on January 5, 2010, establishing Bar Date I [Docket No. 334].

1.1.15. **Bar Date Order II:** The Order entered by the Court on April 4, 2011, establishing Bar Date II [Docket No. 781].

1.1.16. **Bar Dates:** Bar Date I and Bar Date II, collectively.

1.1.17. **Barzel Cash:**  The Cash to be held and distributed by the Barzel Disbursing Agent pursuant to this Plan.

1.1.18. **Barzel Unsecured Claims Cash:**  The Cash, in the amount of $500,000, to be held and distributed by the Barzel Unsecured Claims Disbursing Agent pursuant to this Plan.

1.1.19. **Business Day:**  Any day except a Saturday, Sunday or any day on which commercial banks in the State of Delaware are authorized or required by applicable law to close.

1.1.20. **Barzel Disbursing Agent:**  The firm of Day Seckler LLP, which shall serve as the disbursing agent of all Cash to be distributed to the Holders of Allowed Miscellaneous Secured Claims, Prepetition Noteholders Secured Claims, Administrative Claims, and Priority Claims pursuant to this Plan.

1.1.21. **Barzel Unsecured Claims Disbursing Agent:**  The entity designated by the Creditors' Committee no later than fifteen (15) days before the Confirmation Hearing to serve as disbursing agent for the Barzel Unsecured Claims Cash pursuant to this Plan.

1.1.22. **Canadian Entities:**  The Debtors' Canadian affiliates, including Barzel Industries Canada Inc.

1.1.23. **Case:**  With respect to each Debtor, the Chapter 11 case initiated by such Debtor's Filing on the Petition Date of a voluntary petition for relief in the Bankruptcy Court under Chapter 11 of the Bankruptcy Code (collectively, the "**Cases**").  The Cases are being jointly administered in the Bankruptcy Court as Bankruptcy Case No. 09-13204 pursuant to the Order Directing Joint Administration of the Debtors' Chapter 11 Cases entered by the Bankruptcy Court on September 15, 2009 [Docket No. 25].

1.1.24. **Cash:**  Legal tender of the United States of America and equivalents thereof. Cash shall include money on hand as of the Effective Date, as well as the cash proceeds from the liquidation of any and all of the Debtors' remaining Assets, after payment of any and all expenses.

1.1.25. **Causes of Action:** means any and all actions, causes of action, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise, including but not limited to Avoidance Actions.

1.1.26. **Claim:**  A claim, as defined in section 101(5) of the Bankruptcy Code, against one of the Debtors (or all or some of them) whether or not asserted or Allowed.

1.1.27. **Claim Objection Deadline:** means the date that is sixty (60) days after the Effective Date, which shall be the deadline for Filing objections to Claims.

1.1.28. **Class:**  A category of Claims or Interests designated pursuant to the Plan.

3

1.1.29. **Class . . . Claim/Interest:** The specific Class into which Allowed Claims or Allowed Interests are classified pursuant to the Plan.

1.1.30. **Confirmation:** Entry by the Bankruptcy Court of the Confirmation Order.

1.1.31. **Confirmation Date:** The date upon which the Confirmation Order is entered by the Bankruptcy Court.

1.1.32. **Confirmation Hearing:** Collectively, the hearing or hearings held by the Bankruptcy Court on confirmation of the Plan, as such hearing or hearings may be continued from time to time.

1.1.33. **Confirmation Order:** The Order of the Bankruptcy Court confirming the Plan.

1.1.34. **Creditor:** Holder of a Claim.

1.1.35. **Creditors' Committee:** The official committee of unsecured creditors of the Debtors appointed by the United States Trustee in the Cases pursuant to section 1102 of the Bankruptcy Code as its composition may be changed from time to time by addition, resignation or removal of its members.

1.1.36. **Debtor:** Individually, Barzel Industries Inc., Barzel Holdings Inc., Barzel Finco Inc., Barzel Industries U.S. Inc., American Steel and Aluminum Corporation, Nova Tube and Steel, Inc., Novamerican Tube Holdings, Inc. and Nova Tube Indiana, LLC, each of which is a Debtor in its Case (collectively, the "**Debtors**").

1.1.37. **Deficiency Claims:** The deficiency claims of the Indenture Trustee, the Prepetition Agent, and the Prepetition Lenders.

1.1.38. **Disallowed:** A Claim or any portion thereof that is not Allowed.

1.1.39. **Disbursing Agents:** The Barzel Disbursing Agent and Barzel Unsecured Claims Disbursing Agent, collectively.

1.1.40. **Disputed Claim:** Any Claim, (i) proof of which has been Filed and to which an objection to the allowance thereof has been Filed before the Claim Objection Deadline and such objection has not been either (a) determined by a Final Order or (b) been settled by the parties under a settlement approved by Final Order of the Bankruptcy Court pursuant to Bankruptcy Rule 9019; or (ii) which has not been otherwise allowed by the Bankruptcy Court.

1.1.41. **Distribution(s):** The Disbursing Agents' initial, interim and/or final distribution(s) of Cash and property to the Record Holders of Allowed Claims, as set forth in section 2.2 of the Plan.

1.1.42. **Distribution Reserves:** Cash in an amount equal to the distribution or distributions under applicable classes of Claims that may be payable on account of Disputed

4

Claims if allowed, which Cash will be held by the appropriate Disbursing Agent pending allowance of Disputed Claims, and then distributed on account of Allowed Claims in accordance with section 2.4 of the Plan.

1.1.43. **Effective Date**: The first Business Day on which each condition set forth in Article V of the Plan has been satisfied or waived.

1.1.44. **Entity:** As defined in section 101(15) of the Bankruptcy Code.

1.1.45. **Estate:** The bankruptcy estate of any Debtor created by section 541 of the Bankruptcy Code upon the commencement of the Cases (the Estate of each Debtor together, the **"Estates"**).

1.1.46. **Exculpation Parties:** The Debtors, the Disbursing Agents, the Prepetition Lenders, the Postpetition Lenders, the Agents, the Indenture Trustee, the Creditors' Committee, the members of the Creditors' Committee, and (solely in their capacity as such) any of such Entities' respective former, current and/or post-Petition Date and pre-Effective Date affiliates, members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns.

1.1.47. **File, Filed or Filing:** File, filed or filing with the Bankruptcy Court or its authorized designee in the Cases.

1.1.48. **Final Decree:** The Order entered pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1 closing the Cases.

1.1.49. **Final DIP Order:** The Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral and Repayment of Certain Prepetition Obligations, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, and (V) Modifying the Automatic Stay, entered by the Bankruptcy Court on October 6, 2009, as Docket No. 117.

1.1.50. **Final Order:** An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in any Case or the docket of any other court of competent jurisdiction, that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek certiorari or move for a new trial, reargument or rehearing has expired, and no appeal or petition for certiorari or other proceedings for a new trial, reargument or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely Filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought or the new trial, reargument or rehearing has been denied or resulted in no modification of such order, provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure, may be Filed with respect to such order shall not cause such order not to be a Final Order.

47658/0001-7444537v9

1.1.51. **General Unsecured Claim:** Any Claim against a Debtor which is not a Secured Claim, an Administrative Claim, a Priority Non-Tax Claim, a Priority Tax Claim, a Professional Fee Claim or an Interest.

1.1.52. **Holder:** The Person that is the owner of record of a Claim or Interest, as applicable.

1.1.53. **Impaired:** With respect to any Class of Claims or Interests, the Claims or Interests in such Class that are impaired within the meaning of section 1124 of the Bankruptcy Code.

1.1.54. **Indenture:** The Indenture among BII, Barzel Finco, as issuer, the Indenture Trustee and BNY Trust Company of Canada, as Canadian collateral agent, dated as of November 15, 2007.

1.1.55. **Indenture Trustee:** Bank of New York Mellon (f/k/a The Bank of New York), in its capacity as indenture trustee under the Indenture.

1.1.56. **Insider Claims:** Claims held by any "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. For purposes of this Plan, insider shall also include former directors and officers of the Debtors.

1.1.57. **Intercompany Claims:** Claims held by any one of the Debtors against any of the other Debtors.

1.1.58. **Interest:** Either (i) the legal, equitable, contractual or other rights of any Person with respect to the preferred or common stock, or any other equity interest in any of the Debtors, including any other interest in or right to convert into such equity interest or (ii) the legal, equitable, contractual or other right of any Person to acquire or receive any of the foregoing.

1.1.59. **Local Rules:** The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, as amended from time to time.

1.1.60. **Miscellaneous Secured Claims:** Any Secured Claims other than the Prepetition Noteholders Secured Claims.

1.1.61. **Noticing Agent Website:** http://www.loganandco.com

1.1.62. **Order:** An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in any Case or the docket of any other court of competent jurisdiction.

1.1.63. **Person:** An individual, limited liability company, corporation, partnership, association, trust or unincorporated organization, joint venture or other person or a government or any agency or political subdivision thereof.

47658/0001-7444537v9

1.1.64. **Petition Date:**  September 15, 2009, the date on which the Debtors Filed their respective petitions for relief in the Bankruptcy Court.

1.1.65. **Plan:**  The Debtors' joint plan of liquidation, as the same may hereafter be amended or modified.

1.1.66. **Postpetition Agent:**  JPMorgan Chase Bank, N.A., in its capacity as administrative agent under the Postpetition Credit Agreement.

1.1.67. **Postpetition Credit Agreement:**  The Senior Secured, Super-Priority Debtor-in-Possession Revolving Credit Agreement dated as of September 15, 2009 among BII, Barzel Finco and Barzel Canada, as borrowers, the Postpetition Lenders, the Postpetition Agent and JPMorgan Chase Bank, N.A., Toronto Branch, as Canadian agent.

1.1.68. **Postpetition Lenders:**  JPMorgan Chase Bank, N.A. and CIBC Inc.

1.1.69. **Prepetition Agent:**  JPMorgan Chase Bank, N.A., in its capacity as administrative agent under the Prepetition Credit Agreement.

1.1.70. **Prepetition Credit Agreement:**  The Credit Agreement dated as of November 15, 2007 by and among BII, Barzel Finco and Barzel Canada, as borrowers, the "Loan Parties" party thereto, the Prepetition Credit Agreement Lenders, CIT Business Credit Canada Inc. and the CIT Group/Business Credit, Inc., as syndication agents, the Prepetition Agent, JPMorgan Chase Bank, N.A., Toronto Branch, as Canadian agent, and Bank of America, N.A., The Bank of Nova Scotia and General Electric Capital Corporation, as co-documentation agents.

1.1.71. **Prepetition Credit Agreement Lenders:**  JPMorgan Chase Bank, N.A. and CIBC Inc.

1.1.72. **Prepetition Lenders:**  The Prepetition Credit Agreement Lenders and the Prepetition Noteholders, collectively.

1.1.73. **Prepetition Noteholders:**  J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities, Inc.) and CIBC World Markets Corp.  In all pleadings, notices, orders or other documents filed in the Cases prior to the Confirmation Date that reference JPMorgan Chase Bank, N.A. as a holder of notes issued under the Indenture, such references shall be deemed to refer to J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities, Inc.) as a holder of notes issued under the Indenture.  Any references in such pleadings, notices, orders or other documents filed in the Cases to JPMorgan Chase Bank, N.A. in any other capacity shall remain unchanged.

1.1.74. **Prepetition Noteholders Secured Claims:**  The Allowed Class II Secured Claims of the Prepetition Noteholders.

1.1.75. **Priority Non-Tax Claim:**  A Claim that is entitled to priority under section 507(a) of the Bankruptcy Code, other than an Administrative Claim and a Priority Tax Claim.

47658/0001-7444537v9

1.1.76. **Priority Tax Claim:** A Claim that is entitled to priority under section 507(a)(8) of the Bankruptcy Code.

1.1.77. **Professional:** Any professional employed in the Cases pursuant to section 327, 328 or 1103 of the Bankruptcy Code or any Professional or other Person seeking compensation or reimbursement of expenses in connection with the Cases pursuant to section 503(b)(4) of the Bankruptcy Code.

1.1.78. **Professional Fee Claim:** A Claim of a Professional for compensation or reimbursement of costs and expenses relating to services incurred during the period from the Petition Date and to the Effective Date.

1.1.79. **Professional Fee Claim Bar Date:** The date that is thirty (30) days after the Effective Date.

1.1.80. **Record Date:** The date that is five (5) calendar days prior to the date on which the Bankruptcy Court holds a hearing to consider the adequacy of the Disclosure Statement in connection with the Plan.

1.1.81. **Record Holder:** The Holder of an Interest or Claim as of the Record Date.

1.1.82. **Released Parties:** The Debtors, the Disbursing Agents, the Prepetition Lenders, the Agents, the Postpetition Lenders, the Indenture Trustee, the Creditors' Committee, the members of the Creditors' Committee, and (solely in their capacity as such) any of such Entities' respective former, current and/or post-Petition Date and pre-Effective Date affiliates, members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns.

1.1.83. **Scheduled Claim:** Any claim set forth on the Schedules.

1.1.84. **Schedules:** With respect to any Debtor, the Schedules of Assets and Liabilities Filed by such Debtor, as such Schedules may be amended from time to time in accordance with Bankruptcy Rule 1009.

1.1.85. **Secured Claim:** Either a Claim that is secured by a lien on property in which the Debtors have an interest, which lien is valid, perfected and enforceable under applicable law or pursuant to a Final Order, or that is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of the Creditor's interest in such property or to the extent of the amount subject to setoff, as applicable, all as determined pursuant to section 506(a) of the Bankruptcy Code.

1.1.86. **Unclassified Claims:** Claims which, pursuant to section 1123(a)(1) of the Bankruptcy Code, shall not be placed into a Class. Unclassified Claims include Administrative Claims, Professional Fee Claims, and Priority Tax Claims.

1.1.87. **Unimpaired:** With respect to a Class of Claims or Interests, any Class that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

1.1.88. **United States Trustee:** The Office of the United States Trustee for the District of Delaware.

1.1.89. **Voting Class:** Class I Claims, Class II Claims, and Class IV Claims, each of which is Impaired and entitled to vote on the Plan.

1.1.90. **Wind-Down Reserve:** An amount available to the Debtors to wind-down the Cases and their Estates after the Effective Date as agreed to between the Debtors and the Prepetition Noteholders.

## Article II

## IMPLEMENTATION AND EXECUTION OF THE PLAN

2.1. **Effective Date.** The Plan shall become effective on the Effective Date.

2.2. **The Disbursing Agents.**

2.2.1. Transfers of Assets. The Debtors shall transfer, or cause to be transferred, (i) the Barzel Unsecured Claims Cash to the Barzel Unsecured Claims Disbursing Agent, and (ii) all of their other remaining Assets to the Barzel Disbursing Agent, on the Effective Date. Such transfers of assets shall be free and clear of all liens, claims, interests, rights of offset and encumbrances, other than the right to receive a distribution of such assets pursuant to the Plan.

2.2.2. Authority and Role of the Disbursing Agents. In furtherance of and consistent with the purposes of the Plan, the Barzel Disbursing Agent shall be deemed to be the judicial substitute for each of the Debtors as the party-in-interest in these Bankruptcy Cases, under the Plan or in any judicial proceeding or appeal to which any Debtor is a party, consistent with section 1123 (b)(3)(B) of the Bankruptcy Code and section 303 of the Delaware General Corporation Law, and is appointed as the representative of the Estates for all purposes (other than with respect to the Barzel Unsecured Claims Cash and allowance or disallowance of the Claims of Holders of General Unsecured Claims (other than the Deficiency Claims)), including for the retention and enforcement of all claims and rights, known and unknown, which arose prior to the Confirmation Date. In furtherance of and consistent with the Plan, the Barzel Unsecured Claims Disbursing Agent shall be deemed to be the judicial substitute for each of the Debtors as the party-in-interest in these Bankruptcy Cases, under the Plan or in any judicial proceeding or appeal to which any Debtor is a party, consistent with section 1123(b)(3)(B) of the Bankruptcy Code and section 303 of the Delaware General Corporation Law, and is appointed as the representative of the Estates for the purposes of holding and distributing the Barzel Unsecured Claims Cash and reconciling and seeking the allowance or disallowance of the Claims of Holders of General Unsecured Claims (other than the Deficiency Claims). On the Effective Date, the current officers and directors of each of the Debtors shall be deemed to have resigned and shall be fully discharged from their responsibilities and duties as officers and directors of the Debtors. In general and subject to the protective

9

provisions in the Plan, the Barzel Disbursing Agent shall act for the Debtors and their respective estates in a fiduciary capacity as applicable to a board of directors and the Barzel Unsecured Claims Disbursing Agent shall act as a fiduciary to holders of Allowed General Unsecured Claims in distributing the Barzel Unsecured Claims Cash.

2.2.3. <u>Authorization</u>. The Disbursing Agents shall be empowered and authorized to, among other things: (a) liquidate the Debtors' remaining Assets, as specified in this Plan; (b) make the Distributions required under the Plan; (c) retain and/or employ professionals; (d) exercise all power and authority that may be exercised by any officer, director or Holder of an Interest in such Debtor with like effect as if authorized, exercised and taken by unanimous consent of such officers, directors or Holders of Interests including, without limitation, amending any Debtor's organizational documents or dissolving any Debtor; (e) pursue objections to, and estimations and settlements of, Claims; (f) calculate and implement all Distributions to be made under this Plan to Creditors holding Allowed Claims; (g) market, sell, lease or otherwise dispose of or realize the value of all Assets; (h) file all required tax returns and pay taxes and all other obligations on behalf of the Debtors; (i) file required operating reports; and/or (j) take all other actions required under the Plan to complete the liquidation, dissolution and wind-up of the Debtors in accordance with Section 2.5 of the Plan; <u>provided</u> that the items set forth in clauses (a), (d), (g), (h), (i) and (j) shall be performed by the Barzel Disbursing Agent only. The Disbursing Agents may also be authorized and directed to review, object to, prosecute, negotiate, settle or otherwise compromise any Claims or pending causes of action, in each case in accordance with Bankruptcy Rule 9019. The powers granted to the Disbursing Agents shall be exercisable without further approval of the Court. Notwithstanding anything herein, such duties and powers shall be limited and apportioned between the Disbursing Agents in accordance with their respective roles as described in section 2.2.2 hereof and otherwise in the Plan.

2.2.4. <u>Liquidation of Assets</u>. The Disbursing Agents shall pursue recovery of Assets under the Plan in a commercially reasonable manner.

2.2.5. <u>Compensation of the Disbursing Agents</u>. The Disbursing Agents shall be entitled to reasonable compensation in an amount consistent with that of similar professionals in similar types of bankruptcy proceedings. The costs and expenses of the Disbursing Agents, including the fees and expenses of the Disbursing Agents and their retained professionals, shall be paid out of the respective Assets transferred to the Disbursing Agents pursuant to section 2.2.1 of this Plan and shall be considered administrative expenses of the Debtors' estates. The Disbursing Agents shall maintain appropriate reserves to fund confirmation administrative expenses, post-confirmation administrative expenses, and operating expenses during the implementation of the Plan.

2.2.6. <u>Execution of Documents</u>. The Debtors (or the Disbursing Agents on behalf of the Debtors, as the case may be appropriate) may execute any and all documents and instruments necessary to effectuate the Plan.

2.2.7. <u>Cash</u>. The Disbursing Agents may invest Cash (including any earnings thereon); <u>provided</u>, <u>however</u>, that such investments are investments permitted to be made by a

liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable Internal Revenue Service guidelines, rulings, or other controlling authorities.

2.2.8. <u>Retention of Professionals by the Disbursing Agents</u>. The Disbursing Agents may retain and reasonably compensate counsel and other professionals to assist in their duties on such terms as the Disbursing Agents deem appropriate without Bankruptcy Court approval. The Disbursing Agents may retain any professional who represented parties in interest in the Cases.

2.3. **Delivery of Distribution.** Any Distribution shall be made to Record Holders of Allowed Claims: (i) at the address set forth on the proof of claim Filed by such Holder, (ii) at the address set forth in any written notices of address change Filed by such Holder, (iii) at the addresses reflected in the Schedules if neither a proof of claim nor a written notice of address change has been Filed, (iv) if the Holder's address is not listed in the Schedules, at the last known address of such Holder according to the Debtors' books and records, or (iv) in the case of the Prepetition Noteholders, via wire transfer to the Indenture Trustee. Except as otherwise provided for herein, ordered by the Bankruptcy Court, or otherwise, Distributions under the Plan shall be made as soon as is practicable on the later to occur of (a) the Effective Date, (b) when a Claim becomes an Allowed Claim, or (c) when Cash is available for a Distribution to a particular Class pursuant to the treatment of such Class under the Plan. The Barzel Disbursing Agent shall make the Distribution to Holders of Allowed Administrative Claims; Allowed Priority Tax Claims; Allowed Class I Miscellaneous Secured Claims; Allowed Class II Prepetition Noteholders Secured Claims; Allowed Class III Priority Non-Tax Claims, and to any Disputed Administrative Claim; Disputed Priority Tax Claim; Disputed Class I Miscellaneous Secured Claims or Disputed Class III Priority Non-Tax Claim that becomes an Allowed Claim. The Barzel Unsecured Claims Disbursing Agent shall make Distributions in accordance with the Plan to Allowed Class IV General Unsecured Claims.

The Barzel Disbursing Agent and Barzel Unsecured Claims Disbursing Agent shall each establish a reserve of Cash, which is estimated to be sufficient to satisfy incurred and anticipated Post-Effective Date Claims incurred by the Barzel Disbursing Agent and Barzel Unsecured Claims Disbursing Agent and to fund the relevant Distribution Reserve(s). The Disbursing Agents may make any additional Distribution after the initial Distribution is made on or about the Effective Date. Such additional Distribution may be made at such time(s) and in such amount(s) as determined by the Disbursing Agents.

11

If a Distribution to any Creditor is returned as undeliverable, no further Distributions to such Creditor shall be made unless and until the appropriate Disbursing Agent is notified of such Creditor's then-current address, at which time all missed Distributions shall be made to such Creditor without interest. All claims for undeliverable Distributions shall be made on or before the ninetieth (90th) day after the final Distribution under the Plan. After such date, all property unclaimed by a Creditor shall revert to the Barzel Disbursing Agent and Barzel Unsecured Claims Disbursing Agent, as appropriate, to be distributed in a subsequent Distribution made to Creditors in accordance with the Plan or as otherwise authorized pursuant to further order of the Bankruptcy Court. In the event that after the ninetieth (90th) day after the final Distribution under the Plan the Barzel Unsecured Claims Disbursing Agent is holding an amount of Barzel Unsecured Claims Cash insufficient (in the sole discretion of the Barzel Unsecured Claims Disbursing Agent) to make an additional Distribution that provides a material benefit to Holders of Allowed General Unsecured Claims, the Barzel Unsecured Claims Disbursing Agent may donate such funds to a charity of his choice.

2.4. **Procedures for Treating and Resolving Disputed Claims.** No payments or Distributions will be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by a Final Order, and the Disputed Claim has become an Allowed Claim. All objections to Claims must be filed by the Disbursing Agents on or before the Claims Objection Deadline.

2.4.1. <u>Distribution Reserve.</u> The Disbursing Agents will each withhold their respective Distribution Reserve from the property to be distributed under the Plan to Creditors. The Disbursing Agents may request estimation for any Disputed Claim that is contingent or unliquidated, and the Disbursing Agents will each withhold their respective Distribution Reserve based upon the estimated amount of each such Claim as determined by the Bankruptcy Court. If either of the Disbursing Agents elects not to request such estimation from the Bankruptcy Court with respect to a Disputed Claim that is contingent or unliquidated, then such Disbursing Agent will withhold its Distribution Reserve based upon the appropriate pro rata percentage distribution of the face amount of such Claim.

2.4.2. <u>Distributions After Allowance.</u> Payments and Distributions from the Distribution Reserves on account of a Disputed Claim, to the extent that such Disputed Claim ultimately becomes an Allowed Claim, will be made in accordance with provisions of the Plan that govern the Class in which such Claim is classified. Promptly after the date when the order or judgment of the Bankruptcy Court allowing all or part of such Claim becomes a Final Order, the appropriate Disbursing Agent shall distribute to the Holder of such Claim any Cash allocated to such Claim in the appropriate Distribution Reserve that would have been distributed on the dates Distributions were previously made on account of Allowed Claims had such Claim been an Allowed Claim on such dates. All Distributions made under this Section of the Plan on account of an Allowed Claim shall be made as if such Claim had been an Allowed Claim on the dates Distributions were previously made to Allowed Claims.

47658/0001-7444537v9

2.5.   **Dissolution of the Debtors.** On the Effective Date or as soon thereafter as is reasonably practicable, the Barzel Disbursing Agent shall be authorized to take all actions necessary to effect the dissolution of any of the Debtors and any subsidiaries of the Debtors as corporate entities without the need for any further Bankruptcy Court action or approval; provided, however, that the entry of the Final Decree in these Chapter 11 Cases shall effect such dissolution of all remaining Debtors to the extent permissible under applicable law. Upon the dissolution of any Debtor, the respective Disbursing Agent shall be entitled to obtain a Final Decree closing the case of such Debtor.

2.6.   **Substantive Consolidation.** For the purposes of the Cases and the Plan only, all Assets of and Claims against the Debtors will be deemed to be substantively consolidated. As a result, Claims filed against multiple Debtors seeking recovery of the same debt shall be treated as one non-aggregated Claim against the consolidated Debtors' estates to the extent such Claim is an Allowed Claim. Intercompany Claims will be disregarded for both voting and Distribution purposes.

2.7.   **Subordination of Claims.** All Claims of the Canadian Entities against the Debtors shall be deemed subordinated to all other Allowed Claims upon Confirmation of the Plan.

2.8.   **Waiver of Insider Claims.** All Insider Claims shall be deemed waived upon Confirmation of the Plan.

2.9.   **Records.** Pursuant to section 554 of the Bankruptcy Code, the Disbursing Agents shall be authorized to abandon all originals and/or copies of documents and business records upon order of the Bankruptcy Court obtained on motion on twenty days negative notice to the Debtors' Bankruptcy Rule 2002 service list.

2.10.  **Effectuating Documents.** The officer(s) and director(s) of each Debtor shall be authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such other actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

2.11.  **Objections to Claims.** Except as provided herein, any objection to the allowance of a Claim not Filed within sixty (60) days after the Effective Date shall be deemed waived, and the Claim shall be an Allowed Claim in the amount set forth on the proof of claim Filed by the Holder of such Claim. Subject to the provisions of section 2.4 of this Plan, the Disbursing Agents, in their discretion, may make Distributions to the Holders of Allowed Claims within any particular Class of Creditors before all Disputed Claims within that particular Class become Allowed or Disallowed in full or in part (either by (i) agreement between the appropriate Disbursing Agent and the Record Holder of the Disputed Claim or (ii) by Final Order).

2.12.  **Term of Injunctions or Stays.** Unless otherwise provided, all injunctions or stays provided for in the Cases pursuant to section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the close of the Cases. Except as otherwise expressly provided in the Plan or to the extent necessary to enforce the terms and conditions of the Plan, the Confirmation Order or a separate Order of the

Bankruptcy Court, all entities, creditors and Holders of Interests who have held, hold, or may hold Claims against or Interests in the Debtors, are permanently enjoined, on and after the Confirmation Date, from (i) commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim or Interest, (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or Order against the Debtors, on account of any such Claim or Interest, (iii) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors, or against the property or interests in property of the Debtors, unless such Holder has filed a motion requesting the right to perform such setoff or has otherwise put the Debtors on notice, in writing, of its intent to pursue the right of setoff before the Confirmation Date, or the Holder of an Allowed Claim has indicated in its proof of Claim that such Holder asserts or intends to preserve any right of setoff. Such rights shall be subject to adjudication by the Bankruptcy Court, and nothing herein is intended to waive any rights of the Debtors to dispute such claims. Nothing in the Plan or Confirmation Order shall discharge, release, or preclude: (i) any environmental liability to a governmental unit, as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a claim, as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any environmental Claim of a Governmental Unit that first arises on or after the Confirmation Date; (iii) any environmental liability to a Governmental Unit on the part of any entity as the owner or operator of real property after the Confirmation Date; or (iv) any environmental liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in the Plan or Confirmation Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.

2.13. **Abandonment of Avoidance Actions.** Except as set forth in this section, any and all Avoidance Actions shall be deemed abandoned on the Effective Date. The Disbursing Agents shall retain Avoidance Actions for the sole purpose of using Avoidance Actions defensively in connection with objections to Disputed Claims, including pursuant to section 502(d) of the Bankruptcy Code, and transfers shall not be deemed non-avoidable under this section merely because of the abandonment of Avoidance Actions under the terms hereof.

### Article III

### CLASSIFICATION AND PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS

Pursuant to section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims against and Interests in the Debtors. A Claim or Interest is placed in a particular Class for the purposes of voting on the Plan and receiving Distributions pursuant to the Plan only to the extent that such Claim or Interest is an Allowed Claim or Allowed Interest in that Class and such Claim or Interest has not been paid, released or otherwise settled. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified.

3.1. **Administrative Claims.** Except to the extent that a Holder of an Allowed Administrative Claim agrees to a different treatment, each Holder of an Allowed Administrative Claim shall receive, in full satisfaction, settlement and release of and in exchange for such

14

Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim, either (i) as soon as reasonably practicable after the Effective Date or (ii) if the Administrative Claim is not Allowed as of the Effective Date, thirty (30) days after the date on which such Administrative Claim becomes an Allowed Administrative Claim; provided, however, that Allowed Administrative Claims representing obligations incurred in the ordinary course of business of the Debtors and/or the Disbursing Agents may be paid by the Debtors and/or the Disbursing Agents, as may be appropriate, in the ordinary course, consistent with past practice of the Debtors and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to, such transactions, without further action by the Holders of such Administrative Claims or further approval by the Bankruptcy Court. All Administrative Claims, except the costs and expenses of the Barzel Unsecured Claims Disbursing Agent and its professionals, shall be paid from the Cash held by the Barzel Disbursing Agent. The costs and expenses of the Barzel Unsecured Claims Disbursing Agent and its professionals shall be paid from the Barzel Unsecured Claims Cash.

3.2. **Priority Tax Claims.** Except to the extent that any governmental unit entitled to payment of any Allowed Priority Tax Claim has previously agreed or agrees to a different treatment by stipulation or otherwise, pursuant to section 1129(a)(9) of the Bankruptcy Code, each Holder of an Allowed Priority Tax Claim, except to the extent such Claim relates to real property or a proceeding seeking to recover a tax refund from the claimant is pending before a tax tribunal or court of competent jurisdiction, shall receive, in full satisfaction, settlement and release of and in exchange for such Allowed Priority Tax Claim, Cash from the Cash held by the Barzel Disbursing Agent in an amount equal to such Allowed Priority Tax Claim, (i) as soon as reasonably practicable after the Effective Date or (ii) if the Priority Tax Claim is not Allowed as of the Effective Date, within thirty (30) days after the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim.

3.3. **Class I (Miscellaneous Secured Claims).** The Holder of each Allowed Miscellaneous Secured Claim shall receive at the discretion of the Barzel Disbursing Agent, (i) from the Cash held by the Barzel Disbursing Agent, Cash in an amount equal to the lesser of (a) the amount of such Allowed Secured Claim and (b) the value of the Debtors' property securing such Allowed Secured Claim or (ii) the property securing such Miscellaneous Secured Claim. Class I Claims are impaired under the Plan and are entitled to vote to accept or reject the Plan. Each Miscellaneous Secured Claim receiving treatment under this Section shall be deemed to be in a separate Class for classification, voting and Distribution purposes.

3.4. **Class II (Prepetition Noteholders Secured Claims).** The Holder of each Allowed Prepetition Noteholders Secured Claim shall receive (i) within fifteen (15) days after the Effective Date, whatever Cash is remaining with the Barzel Disbursing Agent after (a) the payment of all Allowed Administrative Claims, Priority Tax Claims, Class I Miscellaneous Secured Claims, and Class III Priority Non-Tax Claims and (b) the funding of the Wind-Down Reserve, and (ii) upon entry of a Final Decree in the Cases, whatever Cash is remaining with the Barzel Disbursing Agent (whether from the Wind-Down Reserve, excess professional fee retainers or otherwise) after the payment of all post-Confirmation United States Trustee fees and all fees and expenses of the Barzel Disbursing Agent and its professionals, if any. The Claims of the Prepetition Noteholders shall be Allowed in the amounts of $230,680,455.73 for J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities, Inc.) in its capacity as a Prepetition Noteholder,

and $115,322,106.77 for CIBC World Markets Corp., in its capacity as a Prepetition Noteholder. These Allowed Claims shall be apportioned between the Prepetition Noteholders Secured Claims and the Deficiency Claims so defined and in accordance with section 506(a) of the Bankruptcy Code. Class II Claims are impaired under the Plan and are entitled to vote to accept or reject the Plan.

3.5. **Class III (Allowed Priority Non-Tax Claims).** Except to the extent that a Holder of an Allowed Priority Non-Tax Claim has been paid by the Debtors prior to the Effective Date or has previously agreed or agrees to a different treatment by stipulation or otherwise, each Holder of an Allowed Priority Non-Tax Claim shall receive, in full and complete satisfaction, settlement and release of and in exchange for such Holder's Allowed Priority Non-Tax Claim, Cash from the Cash held by the Barzel Disbursing Agent, in an amount equal to such Allowed Priority Non-Tax Claim (i) as soon as reasonably practicable after the Effective Date or (ii) to the extent such Priority Non-Tax Claim is not an Allowed Claim on the Effective Date, within thirty (30) days following allowance of such Claim. Class III Claims are not impaired under the Plan and are not entitled to vote to accept or reject the Plan.

3.6. **Class IV (Allowed General Unsecured Claims).** The Record Holders of Allowed General Unsecured Claims (other than the Deficiency Claims, which shall not participate in the Class IV recovery of the Barzel Unsecured Claims Cash) shall receive, in full and complete satisfaction, settlement and release of and in exchange for such Holder's Allowed General Unsecured Claim, its pro rata share of the Barzel Unsecured Claims Cash after taking into account any fees and expenses of the Barzel Unsecured Claims Disbursing Agent. Class IV Claims are impaired under the Plan and are entitled to vote to accept or reject the Plan.

3.7. **Class V (Intercompany Claims, Insider Claims and Claims of the Canadian Entities).** All Intercompany Claims and Insider Claims shall be deemed released. All Claims of the Canadian Entities shall be deemed subordinated to all other Allowed Claims upon Confirmation of the Plan. All Holders of Intercompany Claims, Insider Claims, and Claims of the Canadian Entities shall receive no distribution under the Plan. Class V Claims are deemed to reject the Plan.

3.8. **Class VI (Equity Interests).** Shareholders of the Debtors will retain no ownership interests in the Debtors under the Plan and such Interests shall be cancelled effective as of the Effective Date. Class VI Interests are deemed to reject the Plan.

16

## Article IV

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

4.1. **Background.** The Debtors believe that all executory contracts and unexpired leases of the Debtors were assumed and assigned, or rejected, during the pendency of the Cases. Article IV of the Plan is included out of an abundance of caution.

4.2. **Executory Contracts and Unexpired Leases.** All prepetition executory contracts and prepetition unexpired leases of the Debtors which have not been assumed and assigned, or rejected, prior to the Confirmation Date shall be deemed rejected as of the Confirmation Date. Any Creditor asserting a claim for monetary damages as a result of the rejection of an executory contract or unexpired lease pursuant to the Confirmation Order shall file a proof of claim substantially in the form of Official Form 10 with the Clerk of the Bankruptcy Court ("**Rejection Claim**"), and serve it upon Debtors' counsel and the Creditors' Committee's counsel (or, if the Effective Date has occurred, the Disbursing Agents) by overnight mail within fourteen (14) days following the Confirmation Date. Nothing herein shall be deemed to extend any Bar Date applicable to a previously rejected executory contract or unexpired lease.

4.3. **Rejection Claims.** If a Rejection Claim is not timely filed pursuant to section 4.2 of the Plan, such Claim, if any, shall be forever disallowed and barred. If one or more Rejection Claims are filed pursuant to section 4.2 of the Plan, notwithstanding section 2.11 of the Plan, the Debtors and/or the Disbursing Agents may file one or more objections to any Rejection Claims, and serve it upon the claimant and the claimant's counsel, if any, by overnight mail within sixty (60) days following the filing date of the Rejection Claim. If a Rejection Claim becomes Allowed, in full or in part, such Claim shall be a Class IV Claim to the extent such Claim becomes Allowed and the Record Holder of such Claim shall receive a Distribution as set forth in section 2.3 of the Plan.

## Article V

## CONDITIONS PRECEDENT TO CONFIRMATION
## AND CONSUMMATION OF THE PLAN

5.1. **Conditions to Confirmation.** The following shall be the condition to confirmation unless such condition is duly waived pursuant to section 5.3 of the Plan: the Confirmation Order is entered by the Bankruptcy Court and is in form and substance reasonably satisfactory to the Debtors, the Prepetition Noteholders, and the Creditors' Committee.

5.2. **Conditions to Effective Date.** The Effective Date shall not occur and the Plan shall not be consummated unless and until each of the following conditions have been satisfied or duly waived pursuant to section 5.3 of the Plan: (1) the Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably satisfactory to the Debtors, the Prepetition Noteholders, and the Creditors' Committee, (2) the Confirmation Order shall have become a Final Order, (3) the claims of the United States Environmental Protection Agency and the State of Rhode Island Department of Environmental Management shall have been resolved in a manner reasonably satisfactory to the Debtors and the Prepetition Noteholders (and, with respect

17

to any General Unsecured Claim, the Creditors' Committee), and (4) the Debtors shall have received the net operating loss tax refunds previously requested.

5.3.    **Waiver of Conditions to Confirmation or the Effective Date.**  The conditions to confirmation set forth in section 5.1 of the Plan and the conditions to the Effective Date set forth in section 5.2 of the Plan may be waived in whole or part in writing by the Debtors (with the consent of the Prepetition Noteholders and, as applicable, the Creditors' Committee) at any time without further order.

5.4.    **Effect of Nonoccurrence of Conditions to the Effective Date.**  If each of the conditions to the Effective Date is not satisfied or duly waived in accordance with sections 5.2 and 5.3 of the Plan, then upon motion by the Debtors made before the time that each of such conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order may be vacated by the Bankruptcy Court; provided, however, that, notwithstanding the filing of such motion, the Confirmation Order may not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived before the Bankruptcy Court enters an Order granting such motion.  If the Confirmation Order is vacated pursuant to this section 5.4 of the Plan, (i) the Plan shall be null and void in all respects; and (ii) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims by or against, or any Interest in, the Debtors or (b) prejudice in any manner the rights of the Debtors or any other party in interest.

## Article VI

## MISCELLANEOUS PROVISIONS

6.1.    **Binding Effect of the Plan.**  The provisions of the Plan shall be binding upon all parties and inure to the benefit of the Debtors' Estates and their respective predecessors, successors, assigns, agents, officers and directors.  The terms of the Plan shall be enforceable against the Debtors, their Creditors and all parties-in-interest.

6.2.    **Special Provision Governing Claims.**  Nothing under this Plan shall affect the Debtors' rights and defenses in respect of any Claim, including all rights in respect of legal and equitable defenses to or setoffs or recoupment against such Claims.

6.3.    **Cancellation of Claims and Interests.**  Except as otherwise set forth in this Plan, and except for purposes of evidencing a right to a Distribution, on the Effective Date, all agreements and other documents evidencing the Claims or rights of any Creditor against the Debtors, including all notes, guarantees, and mortgages, and all Interests shall be cancelled; provided, however, that the Indenture shall remain in effect until thirty (30) days after entry of the Final Decree for the sole purpose of facilitating distributions by the Indenture Trustee to the Prepetition Noteholders and to permit the Indenture Trustee to perform such other necessary administrative tasks related thereto and to exercise any right under the Indenture to assert any charging lien for fees, costs and expenses. For the avoidance of doubt, nothing in this Plan or the Confirmation Order will cancel or otherwise impact any rights held by any Creditors against the Canadian Entities or any other non-debtor party.

47658/0001-7444537v9

6.4.    **Retention of Jurisdiction.** Following the Confirmation Date and the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters implicating the interpretation and/or implementation of the provisions of this Plan, including, but not limited to, Disputed Claims, Rejection Claims, Professional Fee Claims, Distributions, and all disputes and litigation which may be pending on the Confirmation Date and any controversies which may arise thereafter which would affect the implementation of the Plan or the treatment of Creditors thereunder, until all such disputes and litigation shall be concluded and the Plan shall be fully consummated.

6.5.    **Governing Law.** Except as mandated by the Bankruptcy Code or Bankruptcy Rules, as applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware.

6.6.    **Headings.** The headings of articles, paragraphs, and subparagraphs of the Plan are inserted for convenience only and shall not affect the interpretation of any provision of the Plan.

6.7.    **Time.** Whenever the time for the occurrence or happening of an event as set forth in this Plan falls on a day that is not a Business Day, then the time for the next occurrence or happening of said event shall be extended to the next day which is a Business Day.

6.8.    **Severability.** Should any provision of the Plan be determined to be unenforceable after the Effective Date such determination shall in no way limit or affect the enforceability and operative effect of any and all of the other provisions of the Plan.

6.9.    **Revocation.** The Debtors (with the consent of the Prepetition Noteholders) reserve the right to revoke and withdraw the Plan prior to the entry of a Confirmation Order. If the Debtors revoke or withdraw the Plan, the Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtors, any other Person, or to prejudice in any manner the rights of such parties in any further proceedings involving the Debtors.

6.10.   **Plan Controls.** In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence. In the event of any inconsistency between any provision of any of the foregoing documents, and any provision of the Confirmation Order, the Confirmation Order shall control and take precedence.

6.11.   **Statutory Fees.** The Debtors shall pay all fees payable pursuant to 28 U.S.C. section 1930 which accrue prior to the Effective Date, and the Barzel Disbursing Agent shall pay all such fees that accrue on and after the Effective Date from the Cash held by the Barzel Disbursing Agent.

6.12.   **Dissolution of the Creditors' Committee.** On the Effective Date, the Creditors' Committee shall be dissolved and their members shall be deemed released of any continuing duties, responsibilities and obligations in connection with the Cases or the Plan and its implementation, and the retention and employment of the Creditors' Committees' attorneys, accountants and other agents shall terminate, except with respect to: (i) the Final Fee Hearing or

(ii) any appeals of the Confirmation Order through the date such appeals are finally decided, settled, withdrawn or otherwise resolved.

6.13. **Claims Agent.** Logan & Company, Inc., in its capacity as claims, noticing and balloting agent shall be relieved of such duties on the date of the entry of the Final Decree or upon written notice by the Debtors.

6.14. **Releases by the Debtors.** Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration (including, with respect to Insiders, the waiver of Claims in section 2.8 hereof), on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors and their Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, their Estates, or Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Cases, the negotiation, formulation, or preparation of the Plan, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence, or as otherwise provided in the Plan.

Nothing in this Plan or in the Confirmation Order is intended to or shall be deemed in any way to affect any releases, waivers or discharges provided by the Final DIP Order.

6.15. **Exculpation and Limitation of Liability.** The Exculpation Parties shall not have or incur, and are hereby released from, any claim, obligation, cause of action, or liability to one another or to any Holder of any Claim or Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the Cases, the negotiation and Filing of this Plan, the Filing of the Cases, the settlement of Claims or renegotiation of executory contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for their willful misconduct or gross negligence or any obligations that they have under or in connection with this Plan or the transactions contemplated in this Plan, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

6.16. **Modification of Plan.** Subject to the limitations contained in the Plan, (a) the Debtors, with the consent of the Prepetition Noteholders (and, as applicable, the Creditors' Committee), reserve the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to entry of the Confirmation Order and (b) after the entry of the

20

Confirmation Order, the Debtors, with the consent of the Prepetition Noteholders, may upon Order of the Bankruptcy Court, amend or modify the Plan in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

## Article VII

## FINAL FEE HEARING

7.1.    **The Professional Fee Claim Bar Date.**  Any and all applications for the final allowance of Professional Fee Claims shall be Filed and served upon counsel to the Debtors, counsel to the Creditors' Committee, the United States Trustee, and all Persons on the Debtors' Bankruptcy Rule 2002 service list on or before the Professional Fee Claim Bar Date.

7.2.    **Final Fee Hearing.**  A hearing on final allowance of Professional Fee Claims (the "**Final Fee Hearing**") shall be held as soon as practicable after the Professional Fee Claim Bar Date. The Debtors' counsel shall File a notice of the Final Fee Hearing.  Such notice shall be posted on the Noticing Agent Website, and served upon counsel for the Creditors' Committee, all Professionals, the United States Trustee and all parties on the Debtors' Bankruptcy Rule 2002 service list.

21

## Article VIII

## REQUEST FOR CONFIRMATION

8.1. **Request for Confirmation.** The Debtors request confirmation of this Plan in accordance with section 1129(a) and (b) of the Bankruptcy Code.

IN WITNESS WHEREOF, the Debtors have executed this Plan this 6th day of September, 2011.

Barzel Industries Inc. (for itself and on behalf of the other Debtors, as Debtors and Debtors in Possession)

By: _____ /s/ Wayne Day _____
Name: Wayne Day
Title: Chief Restructuring Officer

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131
(302) 652-3117 (Fax)
  - and-
Gerald H. Gline
25 Main Street
P. O. Box 800
Hackensack, NJ 07602-0800
(201) 489-3000
(201) 489-1536 (Fax)

*Counsel to Debtors and Debtors in Possession*

KELLEY DRYE & WARREN LLP
Benjamin D. Feder
101 Park Avenue
New York, New York 10178
(212) 808-7800
(212) 808-7897 (Fax)

*Special Corporate Counsel to Debtors and Debtors in Possession*

47658/0001-7444537v9